[Civ. No. 66476. Second Dist., Div. Three. Dec. 7, 1983.]

HUGHES AIRCRAFT COMPANY et al., Petitioners, v. WORKERS' COMPENSATION APPEALS BOARD and GWENDOLYN BELL, Respondents.

COUNSEL

Bagby, Cohen & Gannam, Zachary H. Sacks and Philip Gannam for Petitioners.

Wax & Appell, Melvin C. Appell and Ronald Kottler for Respondents.

OPINION

**DANIELSON, J.**—Petitioners Hughes Aircraft Company and the Hartford Insurance Group seek review and annulment of the Workers' Compensation Appeals Board order finding that applicant and respondent Gwendolyn Bell sustained an injury arising out of and in the course of her employment, as defined in Labor Code section 3600. We annul the order and remand the cause for further proceedings.

Applicant Gwendolyn Bell was employed by Hughes Aircraft Company (hereinafter employer) as a night-shift circuit controller. While attending a December 13, 1980, off-premises, off-duty Christmas party, she slipped and fell, incurring injuries.

Leo Hamilton, the night operations superintendent who organized the party, testified that such parties had been held since at least 1970, possibly as far back as 1965, during the majority of the 31 years he had been working at the plant and were 90 percent subsidized by the employer. Tickets to the

event were sold by supervisors after a flyer was posted inviting the night-shift employees and their nonbusiness guests to attend. Attendance was wholly voluntary; an employee's position was not enhanced by attendance; and no adverse consequences resulted from nonattendance. Many of the employer's supervisors who interacted with the night-shift employees also attended.

The employer's purpose in organizing the annual Christmas party was to foster "an atmosphere of togetherness as a shift." Hamilton explained that the party afforded employees on the shift an opportunity to get together with each other, meet supervisors other than their own, and to talk about what happens in other parts of the plant.

Applicant testified that she believed she might be required to attend the party and that it would be good for her to meet other employees and converse informally with her supervisors. On cross-examination, she admitted that she attended the party voluntarily and that there was no pressure, requirement, or implied directive that she attend.

Both the board and the workers' compensation judge found that applicant's attendance at the party was voluntary and not required by the employer and that her testimony that she believed her attendance was required was unpersuasive; that if this were an employment related business activity, any limitation in former subdivision (h) of section 3600 of the Labor Code would not apply; and that Hamilton's testimony established a direct benefit to the employer of a sufficient magnitude that the party constituted a business-related activity. It was therefore concluded that applicant's attendance at the party constituted a "special errand" for her employer and that applicant sustained injuries arising out of and in the course of her employment.

■     The issue is whether the board properly applied the standard set forth in former subdivision (h) of Labor Code section 3600.[1]

---

[1]In 1978 the Legislature amended section 3600 by adding subdivision (h). As amended, section 3600 provided, in pertinent part: "[¶] Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in Section 3706, shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment . . . in those cases where the following conditions of compensation concur: [¶] . . . . [¶] (h) Where the injury does not arise out of voluntary participation in any off-duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, except where such activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment. . . ." (Stats. 1978, ch. 1303, § 5, p. 4262.)

Labor Code section 3600 was further amended in 1982. The only change in the provisions of former subdivision (h) was the substitution of the word "these" for "such" before the word "activities." Subdivision (h) is now designated as subdivision (a)(8). All references in this opinion will be to subdivision (h), as amended in 1978.

In *Ezzy* v. *Workers' Comp. Appeals Bd.*, (1983) 146 Cal.App.3d 252, 261 [194 Cal.Rptr. 90], the court considered the operation of Labor Code section 3600 as amended in 1978, and concluded that the Legislature, in adding subdivision (h) to the conditions defining liability, sought to draw a "brighter line delimiting compensability" for employee participation in voluntary off-duty recreational, social, and athletic activities.

By the amendment's express terms, all voluntary and off-duty participation in the enumerated activities are excluded from coverage unless the activity is also "a reasonable expectancy of," or "expressly or impliedly required by, the employment."

The *Ezzy* decision explained the operation of the reasonable expectancy test as follows: " . . . the law looks to the expectations of the person who is being protected and measures his subjective understanding against a neutral and unbiased standard. It is our view that the test of 'reasonable expectancy of employment' . . . consists of two elements: (1) whether the employee subjectively believes his or her participation in an activity is expected by the employer, and (2) whether that belief is objectively reasonable. [¶] The effect of this test is to recognize *only* expectations which are objectively reasonable. Stated another way, the employer is protected from liability for injuries where an employee's belief that he or she is expected to participate in an activity is unreasonable. The burden rests upon an employer to insure that no subtle or indirect pressure or coercion is applied to induce involuntary participation by an employee. We do not find this burden to be an onerous one, for the employer's means of protecting himself are peculiarly within his own control." (*Ezzy* v. *Workers' Comp. Appeals Bd.*, *supra*, 146 Cal.App.3d at p. 260.)

The *Ezzy* court found that specific factors such as employer involvement in the activity, direct benefit to the employer, and job related pressure to participate in the activity are still relevant to the reasonable expectancy test. However, the factors that defined compensability under prior law were relegated to criteria that merely measured the objective reasonableness of applicant's subjective belief that participation was an expectancy of employment. (*Ezzy* v. *Workers' Comp. Appeals Bd.*, *supra*, 146 Cal.App.3d at pp. 262-263.) Under the *Ezzy* court's reasoning, the voluntary nature of the participation was the critical factor upon which employer liability revolved and was essentially the Legislature's measure of whether these enumerated activities were significantly work-related. (*Id.*, at p. 263.)

This interpretation of the amendment's provisions is supported by its legislative history. The analysis prepared by the Committee on Finance, In-

surance, and Commerce for Assembly Bill No. 2555 discloses that the purpose of the amendment was to ensure that an employer could provide voluntary off-duty recreational, social and athletic benefits for his employee's personal use without also bearing the expense of insuring the employee for workers' compensation benefits during participation in those activities.[2]

The plain language of subdivision (h) clearly states the Legislature's intent to eliminate from workers' compensation coverage those injuries which are only remotely work-related. (See *Ezzy* v. *Workers' Comp. Appeals Bd.*, *supra*, 146 Cal.App.3d at p. 263.) To hold otherwise would be to deter employers from subsidizing, sponsoring, or encouraging any personal employee activities of a recreational or social character due to the risk of increased costs for workers' compensation insurance.

Consequently, it was incorrect as a matter of law to conclude that the existence of a direct benefit to the employer could be used to circumvent the express terms of subdivision (h). Since the board did not apply the *Ezzy* reasonable expectancy test, which we adopt, the matter must be remanded for application of that test in determining whether applicant sustained an injury arising out of and in the course of employment.

The order of the Workers' Compensation Appeals Board is annulled, and the matter is remanded to that board for proceedings consistent with this decision.

Klein, P. J., and Lui, J., concurred.

---

[2]The bill analysis included the following comment: 'The bill is actually sponsored by the Nordskog Company of Van Nuys because as part of its employee benefit program, it allows employees to use equipment for personal projects at home or in the factory and the company is concerned that because of the above-discussed cases, injuries to employees enjoying those benefits may be compensable under workers' compensation. In addition, the company also has basket ball facilities on company property and, through the company's social club, charters buses and arranges for employees to jointly attend community events, including sporting events. The objective of this legislation, accordingly, is to exempt from the coverage of workers' compensation those activities which, in the opinion of the employer, are not work-related.''