[Civ. No. 34169. Fourth Dist., Div. Three. June 28, 1984.]

CHRISTOPHER MEYER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
ELMORE MOTORS et al., Respondents.

**COUNSEL**

Joseph R. Lanspa for Petitioner.

Stockwell, Gleason, Anderson & Harris and Harvey G. Johnson, Jr., for Respondents.

**OPINION**

**WALLIN, J.**—Petitioner Christopher Meyer, a car salesman for respondent Elmore Motors, was injured in an automobile accident while en route to the Colorado River to spend the weekend with his supervisor and coworkers. A workers' compensation judge found a compensable injury arising out of and in the course of Meyer's employment. Respondent Workers' Compensation Appeals Board (Board) reversed. Meyer sought and was granted a writ of review.

Meyer's supervisor, Bob Rhoden, invited several salesmen to join him for the weekend at his place near the Colorado River. The invitation was extended several days before to those salesmen who had the weekend off.

Rhoden told them to bring wives or dates. Meyer testified he thought the gathering would be in the nature of a "pep rally" because sales for the month of April had been down. His own sales for February and March, his first two months with the dealership, had been excellent. However, his sales had been slow during April.

Meyer testified he decided to accept Rhoden's invitation because he wanted to get better acquainted with the sales crew, he needed a short vacation, and he was afraid he would be fired if he declined. He was not told, nor did he anticipate, any formal business discussions would take place.

Elmore Motors provided all salesmen with company cars. The salesmen were free to drive the cars for their personal use as long as they remained within the country. After work on Friday, April 25, 1981, Meyer picked up his fiancee, drank a few beers, smoked a little marijuana, and began driving to the river in his company car. At approximately 3 a.m. Meyer collided with a truck parked on the side of the road.

The sole issue is whether the injuries suffered by Meyer in the collision arose out of and in the course of his employment. Meyer, claiming the injuries are compensable, relies on Labor Code section 3600, subdivision (a)(8) as construed by the court in *Ezzy* v. *Workers' Comp. Appeals Bd.* (1983) 146 Cal.App.3d 252 [194 Cal.Rptr. 90].

## I

Prior to a legislative amendment to section 3600 in 1978, courts found compensability for injuries sustained during activities which were reasonably foreseeable in the work setting. (See, e.g., *Lizama* v. *Workmen's Comp. Appeals Bd.* (1974) 40 Cal.App.3d 363 [115 Cal.Rptr. 267].) In 1978, the Legislature restricted compensable injuries by revising the section "to ensure that an employer could provide voluntary off-duty recreational, social and athletic benefits for his employee's personal use without also bearing the expense of insuring the employee for workers' compensation benefits during participation in those activities." (*Hughes Aircraft Co.* v. *Workers' Comp. Appeals Bd.* (1983) 149 Cal.App.3d 571, 572 [196 Cal.Rptr. 904].)

Amended section 3600, subdivision (a)(8) states in part: "(a) Liability for the compensation provided by this division . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . [¶] (8) Where the injury does not arise out of voluntary participation in any off-duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, *except where these activities are a reason-*

*able expectancy of, or are expressly or impliedly required by, the employment.*" (Italics added.)

■ This amendment is a legislative directive to eliminate injuries remotely work connected from the workers' compensation scheme. (*Ezzy* v. *Workers' Comp. Appeals Bd., supra,* 146 Cal.App.3d at p. 263.) The Legislature has enunciated a general rule of noncompensability for injuries suffered during voluntary participation in off-duty activities. However, at the same time it created an important exception potentially applicable to this case. Under this exception, Meyer is entitled to compensation if the weekend trip to the Colorado River was a *reasonable expectancy* of, or was expressly or impliedly required by, his employment with Elmore Motors.

## II

The court in *Ezzy* interpreted the statutory limitation of "reasonable expectancy . . . of the employment." Ezzy, a temporary law clerk, was asked by a partner in the law firm to play softball for the firm's coed team. Four women were necessary to avoid a forfeit. Feeling pressured to accept and believing her participation was expected, she agreed. She injured her little finger while attempting to catch a fly ball. She alleged her athletic performance was a "reasonable expectancy" of her clerkship. She sought, and ultimately obtained, compensation for her injury.

The court concluded: "It is our view that the test of 'reasonable expectancy of employment' . . . consists of two elements: (1) whether the employee subjectively believes his or her participation in an activity is expected by the employer, and (2) whether that belief is objectively reasonable." (*Ezzy* v. *Workers' Comp. Appeals Bd., supra,* 146 Cal.App.3d at p. 260, adopted in *Hughes Aircraft Co.* v. *Workers' Comp. Appeals Bd., supra,* 149 Cal.App.3d at p. 575.) Specific factors applied by the court to determine the reasonableness of the employee's belief included employer involvement, benefit to the employer, and job related pressure to participate.

In this case, the Board either ignored or misunderstood the reasonable expectancy test required by *Ezzy,* and yet fortuitously achieved the correct result. It erroneously disregarded the first element and misconstrued the second. The Board concluded, "Applicant's explanation of what he thought was going to happen at the gathering is immaterial. The critical issue is whether the invitation was for anything other than social activities, and there is nothing in the record to indicate that it was. The fact that non-sales personnel were also invited is further evidence that the invitation was purely social."

### III

The *Ezzy* court enunciated a broad standard of review for course of employment issues. "With respect to the ultimate issue, the scope of our review is clear: '"Where . . . there is no real dispute as to the facts, the question of whether an injury was suffered in the course of employment is one of law and a purported finding of fact on that question is not binding on an appellate court."' [Citations.]" (*Ezzy* v. *Workers' Comp. Appeals Bd.*, *supra*, 146 Cal.App.3d at p. 259; see also *Perez* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 60 [199 Cal.Rptr. 280].) However, application of *Ezzy*'s bifurcated test of determining whether an activity is a reasonable expectancy of employment requires applying two different standards of review.

 Initially, the determination of an employee's subjective belief is a question of fact. Review of factual findings is limited to determining whether they are supported by substantial evidence. (Lab. Code, § 5952; *LeVesque* v. *Workmen's Comp. App. Bd.* (1970) 1 Cal.3d 627, 637 [83 Cal.Rptr. 208, 463 P.2d 432].) Conversely, the question of whether an employee's expectancy is objectively reasonable is a question of law. A purported finding by the Board or its referee on a question of law is not binding on the appellate court. (*Perez* v. *Workers' Comp. Appeals Bd.*, *supra*, 152 Cal.App.3d 60.)

 According to the court in *Ezzy*, an employee satisfies his burden of proving the factual issue of subjective belief if the employee testifies he believed his participation was required. Meyer testified he accepted his supervisor's invitation because his sales for the month were slow and he was afraid of being fired. He claimed he believed his supervisor expected him to join him at the river. This testimony constitutes substantial evidence of Meyer's subjective belief participation in the river trip was an expectancy of his employment. The Board erroneously ignored Meyer's perception entirely.

However, the Legislature did not provide compensation for injuries to employees who simply believed they should participate in off-duty activities. It specifically restricted recovery to activities which are a "reasonable expectancy" of the employment. Therefore, Meyer's subjective belief must also have been objectively reasonable.

 The Board's consideration of the "reasonable expectancy" exception to noncompensability was incomplete. The majority concluded the river trip was purely social but did not discuss whether participation was expressly or impliedly required by the employment. It should have considered the

factors enunciated in *Ezzy* to determine the objective reasonableness of Meyer's expectancy. (*Hughes Aircraft Co.* v. *Workers' Comp. Appeals Bd., supra,* 149 Cal.App.3d at p. 575.) Since an assessment of these factors is a question of law, this court is not bound by the Board's findings. (*Dimmig* v. *Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 864 [101 Cal.Rptr. 105, 495 P.2d 433].)

 First, Meyer contends there was sufficient employer involvement because only employees of Elmore Motors, including their wives and dates, were invited. The mere congregation of employees with a supervisor for a social outing is far from the significant involvement by the employer law firm in *Ezzy*. The law firm was very supportive of its coed softball team. It purchased shirts for the players and other employees, paid for all equipment, distributed copies of scheduled games, and provided after game refreshments. Elmore Motors' only involvement was that one supervisor, who owned some type of accommodation on the river, invited employees to join him there for the weekend. There was no evidence Elmore Motors subsidized the outing. The invitation was extended informally a few days before the weekend. Unlike a softball league or other regularly sponsored activity, the river trip was an informal, "last minute get together."

Secondly, by characterizing the weekend as "a pep rally" instilling in the participating salesmen a "spirit of camaraderie," Meyer argues there is evidence of employer benefit. This factor is admittedly nebulous. Any time employees socialize, particularly with management personnel, there is arguably some potential for improved morale. However, an overbroad interpretation undermines the legislative intent to restrict compensability. The benefit to Elmore Motors from a few salesmen gathering with their wives and dates for a weekend at the river is, at best, speculative and remote. It is unreasonable to infer a legislative intent to expose employers to liability whenever a supervisor initiates a social activity with his or her colleagues.

Finally, Meyer claims to have felt pressured to attend the gathering because of his poor sales, brief tenure, and fear of being fired. The question posed by subdivision (a)(8) is whether the employer either expressly or impliedly required participation. Meyer's sales performance for the month was not unique. He testified sales were off for everyone. He considered his performance, prior to the slump, to have been excellent. His supervisor merely commented that it would be good for him to get away for the weekend. Neither his situation nor the supervisor's conduct was comparable to the facts in *Ezzy*.

Because Elmore Motors was minimally involved in the weekend outing, the potential benefit to it was marginal, and the pressure exerted was almost

nonexistent, Meyer's perception was objectively unreasonable. The river trip, although initiated by a supervisor, was not a reasonable expectancy of the employment.

### IV

Meyer and Elmore Motors both have attempted to draw favorable inferences from Meyer's consumption of drugs and alcohol. The affirmative defense of intoxication was not proven. The suggested inferences are too speculative and inconclusive to be of any assistance here.

The remaining points raised by Meyer can be summarily dismissed. ██ Elmore Motor's failure to post a notice alerting employees of the noncompensability of injuries incurred while participating in off-duty activities does not impose liability on the employer which would not otherwise exist. The Legislature expressly stated that the failure to post the notice does not operate as a waiver of the section. (Lab. Code, § 3600, subd. (a)(8).)

██ Meyer emphasizes he was injured while driving the Toyota Corolla made available for his personal use by Elmore Motors. This fact adds nothing to his argument. The employer placed virtually no restrictions on his use of the car. Hence, if the trip was a voluntary off duty activity, the mere involvement of the car in the accident does not convert the injury into a compensable one. Conversely, had attendance at the river been expressly or impliedly required, the injury would have been compensable whether Meyer was driving a Mitsubishi, a Mercedes, or his Toyota.

Although the Board erroneously failed to apply the *Ezzy* reasonable expectancy test, it reached the correct result. To annul the Board's order and remand for token compliance with *Ezzy* is pointless. Justice Crosby has accurately observed the factual loopholes the applicant failed to prove at his hearing. He enumerates but three of the many factors which *might* have afforded Meyer compensation. ██ However, Meyer bears the burden of the sketchy record. He is not entitled to retry his case with the learned advice of the appellate bench, simply because the Board failed to accurately apply the *Ezzy* criteria. Meyer has had his day in court; he simply failed to introduce sufficient evidence the river trip was a reasonable expectancy of his employment. For none of the reasons enunciated by the Board but in the interest of judicial economy, its decision is affirmed.

Trotter, P. J., concurred.

**CROSBY, J.**—I respectfully dissent. The workers' compensation judge found for the applicant. The board disagreed in a divided opinion which clearly applied the wrong standard.

The majority now propose to resolve the matter at this level on a very sketchy record. No witness testified concerning the employer's attitude toward the weekend invitation or its policy on the use of dealership cars. We have no idea whether:

(1) The applicant might have been *required* to drive his demonstrator vehicle as a condition of employment (*Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 156-157 [104 Cal.Rptr. 456, 501 P.2d 1176]; *State Comp. Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (*McGrew*) (1973) 29 Cal.App.3d 902, 907 [106 Cal.Rptr. 39]);

(2) The employer intended to underwrite the weekend or differentiate in any way between those who attended and those who did not;

(3) There was a plan to hold business meetings at the gathering.

The answers to the questions above might tip the scales in this case, as could any number of other possible factors. I believe the appropriate disposition would be to remand to the board with directions to apply the correct law (*Ezzy* v. *Worker's Comp. Appeals Bd.* (1983) 146 Cal.App.3d 252 [194 Cal.Rptr. 90]). Not only should the board resolve the question in the first instance but, in light of *Ezzy,* might well decide to take additional evidence. The board has that power, and this certainly appears to be an appropriate case for its exercise. (*Gonzales* v. *Industrial Acc. Com.* (1958) 50 Cal.2d 360, 363 [325 P.2d 993]; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 10.34, p. 345.)

Petitioner's application for a hearing by the Supreme Court was denied August 22, 1984. Bird, C. J., and Mosk, J., were of the opinion that the application should be granted.