[No. A037377. First Dist., Div. Two. Feb. 18, 1988.]

DAVID E. TODD, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, RETECH,
INC., et al., Respondents.

COUNSEL

Jane M. Ball, Robert A. Fowler and Fowler & Ball for Petitioner.

Joanne Ferro Levy, Robert N. Davis and Goshkin, Pollatsek, Meredith & Lee for Respondents.

OPINION

SMITH, J.—The issue is whether the petitioner is entitled to workers' compensation for an injury sustained while playing basketball during his lunch break on the employer's premises. (Lab. Code, § 3600, subd. (a)(9).) The workers' compensation judge concluded that he is not entitled to compensation. The Workers' Compensation Appeals Board agreed with the judge and denied reconsideration. We granted the applicant's petition for a writ of review.

In April 1986, the petitioner was employed as an electronic technician for Retech, Inc. He injured his left knee while playing basketball with fellow employees on the employer's premises during his lunch break. Participation in the basketball game was voluntary. The employees had installed the basketball hoop and backboard with the consent of a supervisor. They used some material owned by the employer, but the employer provided no equipment. Petitioner was not compensated for the time off for lunch.

Labor Code section 3600, subdivision (a), provides, in part: "Liability for the compensation provided by this division . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . [¶] (9) Where the injury does not arise out of voluntary participation in any off-duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, except where these activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment."

As explained in *Ezzy v. Workers' Comp, Appeals Bd.* (1983) 146 Cal.App.3d 252, 261-263 [194 Cal.Rptr. 90], and *Hughes Aircraft Co. v. Workers' Comp. Appeals Bd.* (1983) 149 Cal.App.3d 571, 574-575 [196 Cal.Rptr. 904], the Legislature's intent in enacting what is now section 3600, subdivision (a)(9), was to eliminate from workers' compensation coverage injuries sustained during recreational, social, or athletic activities which are only remotely work-related. The purpose of the legislation was to

ensure that an employer could provide voluntary off-duty recreational, social, and athletic benefits for his employee's personal use without also bearing the expense of insuring the employee for workers' compensation benefits during participation in those activities. (*Hughes Aircraft Co.* v. *Workers' Comp. Appeals Bd., supra.*)

In this case, there was no substantial evidence that the petitioner reasonably believed he was expected to participate in basketball games during his lunch break, or that participation was expressly or impliedly required by the employment. Petitioner testified merely that he "felt refreshed" after playing basketball. None of his testimony indicates that he thought the employer expected him to participate in the basketball games. Although the employer apparently condoned the playing of basketball on the premises, there was no evidence that the employer required, encouraged, or sponsored the recreational activity. Accordingly, under section 3600, subdivision (a)(9), the petitioner is not entitled to workers' compensation.

■■ Petitioner argues that section 3600, subdivision (a)(9), is inapplicable because he was not "off-duty" at the time of the injury, and therefore he is entitled to compensation under the personal comfort or convenience doctrine. In light of the legislative intent, however, we think that an employee engaged in a basketball game during an uncompensated lunch period is "off-duty" within the meaning of section 3600, subdivision (a)(9). (Cf. *County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (1983) 145 Cal.App.3d 418, 421-422 [193 Cal.Rptr. 374] [injury to employee during uncompensated lunch period off premises].) The statute does not differentiate between recreational activities on and off the employer's premises.

■■ Under the "personal comfort" or "personal convenience" doctrine, the course of employment is not considered broken by certain acts necessary to the life, comfort, and convenience of the employee while at work. The rationale is that such acts, though strictly personal to the employee and not acts of service, are incidental to the service because they improve the efficiency of the employee and thereby benefit the employer. (*State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd.* (*Cardoza*) (1967) 67 Cal.2d 925, 928 [64 Cal.Rptr. 323, 434 P.2d 619]; *Price* v. *Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 559, 567-568 [209 Cal.Rptr. 674, 693 P.2d 254]; *Fremont Indemnity Co.* v. *Workers' Comp. Appeals Bd.* (1977) 69 Cal.App.3d 170, 176 [137 Cal.Rptr. 847].) ■■ This doctrine, however, is inconsistent with the test for coverage under section 3600, subdivision (a)(9), and thus is inapplicable to cases that come within the scope of that section.

■ Finally, section 3600, subdivision (a)(9), also directs the administrative director to "promulgate reasonable rules and regulations requiring employers to post and keep posted in a conspicuous place or places a notice advising employees of the provisions of this subdivision. Failure of the employer to post the notice shall not constitute an expression of intent to waive the provisions of this subdivision." The Legislature's directive has been implemented by the administrative director's rule 9883. (Cal. Code Regs., tit. 8, § 9883.) In this case, there was no evidence that the employer had posted the required notice. However, failure to do so does not impose liability on the employer which would not otherwise exist. (*Meyer* v. *Workers' Comp. Appeals Bd.* (1984) 157 Cal.App.3d 1036, 1044 [204 Cal.Rptr. 74].)

The Board's order denying reconsideration is affirmed.

Kline, P. J., and Benson, J., concurred.