[No. A071500. First Dist., Div. Two. July 3, 1996.]

ELAYNE MILLER, Plaintiff and Appellant, v.
AMERICAN HOME ASSURANCE COMPANY, Defendant and
Respondent.

## COUNSEL

William Coverdale for Plaintiff and Appellant.

McKinley & Smith, William C. McKinley, Timothy M. Smith and Evan Eickmeyer for Defendant and Respondent.

## OPINION

**HITCHENS, J.*—**Plaintiff and appellant Elayne Miller appeals from a summary judgment entered in favor of American Home Assurance Company (American Home) in her action to recover as a judgment creditor of David Statzell under American Home's liability insurance policy. Appellant had previously obtained a default judgment against Statzell in an action for personal injuries. Plaintiff claims the trial court erred in finding American Home had no duty to defend Statzell and that Statzell was not an "additional insured" under American Home's liability insurance policy. We affirm the judgment of the court below.

### I. BACKGROUND

On February 8, 1989, plaintiff was injured when David Statzell collided with her on the ski slopes at Kirkwood Meadows Ski Resort (Kirkwood). Kirkwood was insured by defendant American Home under a comprehensive general liability insurance policy. Under the caption "Additional Insured," the policy states, "It is agreed that the 'Persons Insured' provision is amended to include *any employee* . . . of the name insured *while acting*

---

*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*within the scope of his duties as such . . . ."* At the time of the accident, Statzell worked as a cashier/manager at the Timber Creek Lodge cafeteria at Kirkwood and was engaged in recreational skiing on his day off, using a free ski pass issued by Kirkwood to all its employees. He was living in housing subsidized by Kirkwood located across from the main lodge. None of Statzell's duties as a cafeteria employee involved skiing.

Plaintiff filed suit against Statzell and Kirkwood for the personal injuries she sustained. After investigation, American Home determined that its policy did not cover Statzell. It notified him it would not be defending him in the lawsuit and advised him to retain an attorney. American Home did defend Kirkwood in the lawsuit and obtained summary judgment in Kirkwood's favor based on the doctrine of primary assumption of the risk as set forth in *Knight* v. *Jewett* (1992) 3 Cal.4th 296 [11 Cal.Rptr.2d 2, 834 P.2d 696].

Plaintiff proceeded with her suit against Statzell and obtained a default judgment against him in the amount of $237,919.99. She then brought this action against American Home in the capacity of "insured's judgment creditor" under Insurance Code section 11580, subdivision (b)(2). The complaint alleges that Statzell was an insured under the policy, that American Home failed to defend him and allowed judgment to be taken, and that American Home had refused plaintiff's demand that it pay the final judgment.

On cross-motions for summary judgment the trial court determined that Statzell was not an insured under the policy as a matter of law, that American Home owed no duty to defend Statzell in the underlying lawsuit and that American Home was entitled to judgment.

## II. Discussion

### A. *Duty to Defend*

Most of plaintiff's brief is devoted to demonstrating to this court that there were triable issues of fact concerning whether American Home breached its duty to *defend* Statzell in the underlying lawsuit because there was the "potential" that he was covered as an additional insured. The argument proceeds on the assumption that even if the coverage issue is ultimately resolved in its favor, the insurer American Home would still be liable for the entire default judgment against Statzell because it wrongfully refused to defend him. This, however, is not the law.

Under Insurance Code section 11580, a third party creditor bringing a direct action against an insurer to recover the proceeds of an insurance

policy must *plead and prove* not only that it obtained a judgment for bodily injury, but that "the judgment was against a person insured under a policy . . ." and "the policy covers the relief awarded in the judgment . . . ." (*Wright* v. *Fireman's Fund Ins. Companies* (1992) 11 Cal.App.4th 998, 1015 [14 Cal.Rptr.2d 588].) If Statzell was not an insured under the American Home policy, these two requirements could not be met. Determination of the *coverage* issue adversely to plaintiff would therefore defeat her section 11580 action and entitle American Home to judgment as a matter of law, regardless of whether there was a duty to defend.

Even if Statzell did qualify as an "insured," plaintiff cannot parlay American Home's asserted breach of duty to defend him into a judgment against American Home. A third party claimant may not bring an action against an insurer for breach of duty to defend its insured absent an assignment from the insured. (*Jane D.* v. *Ordinary Mutual* (1995) 32 Cal.App.4th 643, 649, 650 [38 Cal.Rptr.2d 131]; *J. C. Penney Casualty Ins. Co.* v. *M.K.* (1991) 52 Cal.3d 1009, 1018 [278 Cal.Rptr. 64, 804 P.2d 689].) There is no evidence here that Statzell assigned his duty-to-defend claim to plaintiff.

Whether American Home breached a duty to defend Statzell in the underlying action is therefore an academic question of no importance whatever in resolving this case.

### B. *Coverage*

We now turn to the dispositive issue—whether Statzell was an "additional insured" under the policy by virtue of having been an "employee" of Kirkwood "acting within the scope of his duties" at the time of the skiing accident.

Summary judgment is proper if the moving papers establish that there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); see *Jambazian* v. *Borden* (1994) 25 Cal.App.4th 836, 843 [30 Cal.Rptr.2d 768].) ■ The interpretation of an insurance contract is a question of law for purposes of appellate court review. (*Ray* v. *Farmers Ins. Exchange* (1988) 200 Cal.App.3d 1411 [246 Cal.Rptr. 593]; *Cal-Farm Ins. Co.* v. *TAC Exterminators, Inc.* (1985) 172 Cal.App.3d 564, 571 [218 Cal.Rptr. 407].) Where, as here, the issue on appeal turns on an interpretation of a writing measured against an undisputed set of facts, the issue is one of law and the appellate court exercises independent review. (*Reagen's Vacuum Truck Service, Inc.* v.

*Beaver Ins. Co.* (1994) 31 Cal.App.4th 375, 382 [37 Cal.Rptr.2d 89]; *Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1083 [258 Cal.Rptr. 721].)

▪ "It is a basic principle of insurance contract interpretation that doubts, uncertainties and ambiguities arising out of policy language ordinarily should be resolved in favor of the insured in order to protect his *reasonable* expectation of coverage. [Citations.] It is also well established, however, that this rule of construction is applicable only when the policy language is found to be unclear. [Citations.] ' "A policy provision is ambiguous when it is capable of two or more constructions, both of which are reasonable." . . .' (*Delgado* v. *Heritage Life Ins. Co.* (1984) 157 Cal.App.3d 262, 271 [203 Cal.Rptr. 672].) Whether language in a contract is ambiguous is a question of law. (*Id.* at p. 270.) We are also guided by the principle that words in an insurance policy must be read in their ordinary sense, and any ambiguity cannot be based on a strained interpretation of the policy language. (*McKee* v. *State Farm Fire & Cas. Co.* (1983) 145 Cal.App.3d 772, 776 [193 Cal.Rptr. 745].)" (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 912 [226 Cal.Rptr. 558, 718 P.2d 920].)

▪ Application of the plain meaning rule here compels the conclusion that Statzell was not an employee of Kirkwood "acting in the scope of his duties as such" when the skiing accident occurred. Statzell was a cafeteria worker. His duties had nothing to do with skiing and he did not even have to know how to ski to qualify for the position. He was not even working on the day of the accident, but engaging in purely recreational activity on his day off. The fact that he was using free ski privileges as a "perk" provided by his employer is of no consequence, for it has nothing to do with Statzell's job duties. The irrefutable fact is that Statzell was not acting in an official capacity or engaging in any activity which directly or indirectly benefited Kirkwood when he collided with plaintiff on the ski slope. Plaintiff stretches the policy language beyond the bounds of reason in arguing that, by participating in a sporting activity during nonworking hours, Statzell was acting within the scope of his duties as a cafeteria manager for Kirkwood.

Cases applying the doctrine of respondeat superior cited to us by plaintiff are unconvincing because they do not involve interpretation of insurance policy language. Such cases apply a different principle of law, under which the employer should be held vicariously liable to third parties for torts committed by employees within the course and scope of the employment relationship. This standard is far more encompassing than the "scope of

duties" language of the policy before us and implicates broad public policy considerations not present here.[1]

Plaintiff's reliance on cases arising in the workers' compensation field is even less persuasive because two workers' compensation statutes decisively defeat plaintiff's claim. Labor Code section 3600, subdivision (a), provides, in part: "Liability for the compensation provided by this division . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . [¶] . . . Where the injury does not arise out of voluntary participation in any *off-duty recreational, social, or athletic activity not constituting part of the employee's work-related duties*, except where these activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment." (Italics added.) In *Todd* v. *Workers' Comp. Appeals Bd.* (1988) 198 Cal.App.3d 757 [243 Cal.Rptr. 925] decided by this division, we held this subdivision barred recovery by an employee who was injured while playing basketball during lunch break on the employer's premises, a situation remarkably similar to that herein. (*Id.* at pp. 759-761.)

Labor Code section 3352, subdivision (f), yields even worse news for plaintiff. That section excludes from the worker's compensation definition of "employee" "[a]ny person employed by a ski lift operator to work at a snow ski area *who is relieved of and not performing any prescribed duties, while participating in recreational activities on his or her own initiative.*" (Italics added.) It is difficult to conceive of a statute more directly dispositive of plaintiff's claim.

We conclude that, as a matter of law, Statzell was not an "additional insured" under the American Home policy because he was not acting within the scope of his duties as an employee at the time of the skiing accident which caused plaintiff's injuries. The trial court properly ruled that plaintiff's action to recover benefits under the policy was without merit and summary judgment was proper.

---

[1]"For the doctrine of respondeat superior to apply, the plaintiff must prove the employee's tortious conduct was committed within the scope of the employment. [Citation.] 'A risk arises out of the employment when in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. [Citations.] In other words, where the question is one of vicarious liability, the inquiry should be whether the risk was one that may fairly be regarded as typical of or broadly incidental to the enterprise undertaken by the employer.' " (*Miller* v. *Stouffer* (1992) 9 Cal.App.4th 70, 78 [11 Cal.Rptr.2d 454], citing *Mary M.* v. *City of Los Angeles* (1990) 54 Cal.3d 202, 209 [285 Cal.Rptr. 99, 814 P.2d 1341].) This test is far less restrictive than the purely contractual issue of whether an employee was acting "within the scope his duties as such" as set forth in the language of a liability insurance policy.

## DISPOSITION

The judgment is affirmed.

Kline, P. J., and Lambden, J., concurred.