**Fred G. RICE, Plaintiff-counter-defendant—Appellant,**

---

**1.** *Cf.* 18 U.S.C. § 3161(c), (h).

The Suntree Company, a California Corporation, Counter-defendant—Appellant,

v.

SAFECO PROPERTY & CASUALTY INSURANCE COMPANY, Safeco Insurance Company of America; American States Insurance Company, Defendants-counter-claimants—Appellees.

No. 02–55199.

D.C. No. CV–00–00370–VAP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2003.

Decided Oct. 21, 2003.

John A. Gladych, Brian C. Andrews, Gladych & Associates, Inc., Newport Beach, CA, for Plaintiff-counter-defendant—Appellant and Counter-defendant—Appellant.

Thomas M. Jimbo, Erwin E. Adler, Richards Watson & Gershon, Los Angeles, CA, for Defendants-counter-claimants—Appellees.

Before KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM*

In this breach of contract action, Fred Rice and Suntree Company, developers of and general contractors for the Los Cabos project in Santa Maria, California, appeal the district court's grant of summary adjudication and entry of judgment in favor of Safeco Property & Casualty Insurance Company ("Safeco") and American States Insurance Company ("American States"), as well as the court's denial of their motion for reconsideration.

This action arises from the failure of Safeco and American States to defend an underlying construction defect action,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Abram v. Suntree Co.,* No. SM 109471 (Cal.Super. Ct. filed Aug. 11, 1998), in which Rice and Suntree were sued for the allegedly defective work of numerous subcontractors who had named them as "additional insureds." Safeco and American States insured only ten of these subcontractors and asserted in the district court that their duty to defend Rice and Suntree was limited solely to the activities of the ten subcontractors that they insured. The district court agreed and determined that Rice and Suntree were not entitled to a complete defense because the coverage due from Safeco and American States extended only to the work of the ten insured subcontractors.

In so ruling, however, the district court did not have the benefit of the California Court of Appeal decision in *Presley Homes, Inc. v. American States Insurance Co.,* 90 Cal.App.4th 571, 108 Cal.Rptr.2d 686 (Cal.Ct.App.), *rev. denied* (2001). *Presley Homes* held that a developer named as an additional insured on its subcontractors' policies is entitled to a complete defense, even though indemnification for some claims may have been barred by the policies' "your work" clause. As *Presley Homes* is the decision of an intermediate state court, and the California Supreme Court has not yet spoken on this issue, we must follow its holding in the absence of "convincing evidence that the state supreme court would decide differently." *Bills v. United States Fid. & Guar. Co.,* 280 F.3d 1231, 1234 n. 1 (9th Cir.2002).

American States and Safeco have failed to adduce convincing evidence that the California Supreme Court would reach a result different than that advanced in *Presley Homes.* The cases they cite are readily distinguishable as none deals with the scope of an insurer's duty to defend a mixed action upon tender. *See Bowie v. Home Ins. Co.,* 923 F.2d 705, 709 (9th Cir.1991) (no potential for coverage); *St. Paul Mercury Ins. Co. v. Frontier Pac. Ins. Co.,* No. D037390, 2003 WL 22046158, at *1 (Cal.Ct.App. Aug. 28, 2003) (equitable contribution); *St. Paul Fire & Marine Ins. Co. v. Am. Dynasty Surplus Lines Ins. Co.,* 101 Cal.App.4th 1038, 124 Cal. Rptr.2d 818, 820 (2002) (no potential for coverage); *Pardee Constr. Co. v. Ins. Co. of the West,* 77 Cal.App.4th 1340, 92 Cal. Rptr.2d 443, 454 (2000) ("sole issue" was extent of completed operations coverage); *Md. Cas. Co. v. Nationwide Mut. Ins. Co.,* 81 Cal.App.4th 1082, 97 Cal.Rptr.2d 374, 376 (2000) (equitable contribution); *Miller v. Am. Home Assurance Co.,* 47 Cal. App.4th 844, 54 Cal.Rptr.2d 765 (1996) (no potential for coverage); *Hartford v. California,* 41 Cal.App.4th 1564, 49 Cal.Rptr.2d 282, 285 (1996) (same); *Fire Ins. Exch. v. Jiminez,* 184 Cal.App.3d 437, 229 Cal.Rptr. 83, 85–86 (1986) (same). Moreover, *Presley Homes* is consistent with other California Supreme Court authority. *See Buss v. Superior Court,* 16 Cal.4th 35, 65 Cal. Rptr.2d 366, 939 P.2d 766, 775 (1997).

While we do not express an opinion on whether *Presley Homes* reaches the correct result, the district court erred by not reconsidering its decision in light of the new law, *see* C.D. Cal. R. 7.16, and by entering an incompatible judgment. The court's decision is, therefore, **RE-VERSED.**[1]

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent. In my view, the California Supreme Court should and

---

1. The Request to File Amicus Brief of 396 Investment Company and Newmeyer & Dil- lion is granted.

would reach a result different from the Court of Appeal's decision in *Presley Homes, Inc. v. American States Insurance Co.*[1]

*Presley Homes* strikes me as an outlier. It held that "public policy" compels an insurer to provide a full defense to an entire action upon tender by an additional insured, regardless of the terms of the parties' insurance contract, the parties' reasonable expectations, or whether any premiums had been paid. *Presley Homes* extends *Buss v. Superior Court*[2] beyond its limits in reaching this result. *Buss* held that an insurer has a broad duty to defend a mixed action tendered by a *named* insured on a commercial general liability insurance policy.[3] This obligation to defend, imposed by *Buss* as a matter of policy, stems from "the fact that the insurer has been paid premiums by the insured for a defense."[4] It is one thing to broaden the duty to defend a named insured that pays the premium, but quite another, logi-cally and practically, to broaden the duty for an additional insured. The practical effect of *Presley Homes* is to saddle subs with the expense of defending the general far outside any liabilities having to do with the sub's work.

The California Supreme Court would, in light of its precedents, look to the policy language and the parties' reasonable expectations in determining the extent of the duty to defend potentially-covered claims tendered by an insured under an additional insured endorsement. Since *Presley Homes*, to the contrary, rejects both the policy language and the parties' reasonable expectations, it is not good law in California.

---

1. 90 Cal.App.4th 571, 108 Cal.Rptr.2d 686 (2001).

2. 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766 (1997).

3. *Id.* at 769.

4. *Id.* at 774, 775.