[No. A038659. First Dist., Div. Two. Mar. 3, 1988.]

JAMES A. TAYLOR, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CITY OF
BERKELEY, Respondents.

COUNSEL

Roy J. Otis and Airola, Williams & Dietrich and Airola, Williams, Dietrich & Otis for Petitioner.

Michael L. Giachino and Hanna, Brophy, MacLean, McAleer & Jensen for Respondents.

OPINION

SMITH, J.—The issue is whether the Workers' Compensation Appeals Board (Board) erred in denying the petitioner, a police officer, workers' compensation for an injury sustained while playing basketball during his lunch period.

Labor Code section 3600, subdivision (a), provides in part: "Liability for the compensation provided by this division . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . in those cases where the following conditions of compensation concur: . . . [¶] (9) Where the injury does not arise out of voluntary participation in any off duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, except where these activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment. The administrative director shall promulgate reasonable rules and regulations requiring employers to post and keep posted in a conspicuous place or places a notice advising employees of the provisions of this subdivision. Failure of the employer to post the notice shall not constitute an expression of intent to waive the provisions of this subdivision."

On December 10, 1981, the petitioner, a police officer employed by the City of Berkeley, injured his right knee while playing basketball during his lunch break. The basketball game was being played in a gymnasium in the Berkeley Hall of Justice. The gymnasium was open to all city employees and the "pick up" game in which petitioner was injured included players who were not police officers. Petitioner's participation in the game in question was voluntary and not required by the Berkeley Police Department. Petitioner was off-duty and uncompensated during the lunch break.

As a police officer, petitioner was expected (by his employer) to keep himself in good physical condition, particularly as a member of the hostage negotiating team (HNT). At the time in question, the Berkeley Police Department did not provide formal physical fitness training sessions or guide-

lines, and there were no formal physical fitness tests. Each officer was expected to keep himself or herself in good physical condition by working out on his or her own. The city provided the gymnasium and a weight lifting room for that purpose. Petitioner played basketball and jogged to keep himself physically fit.

In March 1979, the Berkeley Police Department had issued general order No. P-24.4 which pertained to personal injuries sustained by employees of the department. That order included the following paragraphs concerning approved training and athletic activities: "16—Officers injured while participating in the Berkeley Police Training Program shall be considered as injured while on duty. Included in the training program shall be field trips to related police agencies and approved athletics. All field trips must be approved in writing by the Administrative Captain before the trips are taken.

"17—Approved athletics shall include only those events specifically approved in advance by the Chief of Police via the Administrative Captain and will normally be limited to inter-agency team competition and specific organized team practice sessions in connection therewith.

"18—Mere use of Departmental facilities for athletics or exercise is not considered a basis for claiming a service-connected injury. Employees who use the Department gym and athletic equipment do so at their own risk. Worker's Compensation benefits shall not be awarded for any injury unless advance approval for the event has been authorized.

"19—For an approved athletic event to be authorized, the team or event manager shall file a written request with the Chief of Police via the Administrative Captain at least 72 hours prior to the event. The request shall include the names of all team members as well as the time and location of the event. The Chief of Police via the Administrative Captain shall either approve or deny the request." Each officer was required to read and acknowledge in writing that he had read and understood the foregoing order. At the hearing before the workers' compensation judge, petitioner acknowledged that he had read the order. He also acknowledged that he knew the basketball game in which he was injured had not been approved by the police department, and that under the regulation he was not entitled to workers' compensation for any injury sustained in the unapproved basketball game.

The Berkeley Police Department had also placed the following notice, pursuant to Labor Code section 3600, subdivision (a)(9), in the squad room, weight lifting room, and gymnasium: "NOTICE TO EMPLOYEES [¶] The City

of Berkeley or its Claims Administrator may not be liable for the payment of Workers' Compensation benefits for any injury which arises out of an employee's voluntary participation in any off-duty recreational, social or athletic activity which is not a part of the employee's work related duties." Petitioner testified that he did not see the foregoing notice until after he was injured.

■ Labor Code section 3600, subdivision (a)(9), provides in substance that an employee is not entitled to workers' compensation for an injury sustained while voluntarily participating in off-duty recreational or athletic activities, unless the activities are a "reasonable expectancy of, or are expressly or impliedly required by, the employment." In *Ezzy* v. *Workers' Comp. Appeals Bd.* (1983) 146 Cal.App.3d 252 [194 Cal.Rptr. 90], we analyzed what is now section 3600, subdivision (a)(9), and explained that the test of "reasonable expectancy of employment" consists of two elements: (1) whether the employee subjectively believes his or her participation in an (athletic) activity is expected by the employer, and (2) whether that belief is objectively reasonable.

■ In the instant case, the petitioner maintained that as a member of the HNT he was required to meet a higher physical fitness standard than police officers who were not members of that team, that he played basketball to maintain and improve his physical fitness for that job and the benefit of the employer, that general order No. P-24.4 did not apply to members of the HNT, and therefore he was entitled to workers' compensation. The workers' compensation judge found that petitioner reasonably believed the employer expected him to play basketball to maintain his physical fitness for the job, and therefore the judge made an award. The Board, however, granted the employer's petition for reconsideration, rescinded the judge's findings and award, and concluded that while the petitioner may have subjectively believed he was expected to participate in the basketball game for the benefit of his employer, his belief was not "objectively reasonable" in light of general order No. P-24.4 and other evidence. Therefore, the Board denied petitioner workers' compensation.

We agree with the Board's decision. The undisputed evidence was that petitioner's injury was sustained while voluntarily participating in an off-duty athletic activity. Petitioner conceded that his employer did not require him to participate in the basketball game. He also knew it was not an approved activity for the purpose of workers' compensation coverage. There was no evidence, other than petitioner's testimony and mistaken belief, that general order No. P-24.4 did not apply to members of the HNT.

■ Where an employer expects employees to participate in recreational or athletic activities to maintain certain standards of physical fitness neces-

sary for performance of their work, we think it reasonable to allow the employer to limit its liability for workers' compensation to injuries sustained in designated and preapproved athletic activities as the City of Berkeley Police Department did in this case. To hold otherwise would in effect render the employer potentially liable for any injury sustained in any recreational or athletic activity if the activity contributed to the employee's physical fitness. Such broad potential liability would be contrary to the legislative intent of section 3600, subdivision (a)(9). (See *Ezzy* v. *Workers' Comp. Appeals Bd., supra,* 146 Cal.App.3d 252, 260-264; *Hughes Aircraft Co.* v. *Workers' Comp. Appeals Bd.* (1983) 149 Cal.App.3d 571, 574-575 [196 Cal.Rptr. 904].)

Petitioner relies on *Wilson* v. *Workers' Comp. Appeals Bd.* (1987) 196 Cal.App.3d 902 [239 Cal.Rptr. 719], where an off-duty police officer injured his ankle while running to keep himself in good physical condition. The officer was a member of the special emergency reaction team (SERT), a tactical unit of the city's police department, and running to stay in good physical condition was necessary to pass tests required to remain a member of SERT. The court held that the officer satisfied both elements of the *Ezzy* test, and thus the injury was compensable. The *Wilson* case, however, did not involve a police department regulation such as general order No. P-24.4, which makes this case distinguishable from the facts in *Wilson.*

The decision of the Board is affirmed.

Kline, P. J., and Benson, J., concurred.

A petition for a rehearing was denied March 20, 1988, and petitioner's application for review by the Supreme Court was denied May 18, 1988.