[No. D022610. Fourth Dist., Div. One. Sept. 25, 1995.]

RALPHS GROCERY COMPANY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and DAWN R.
LARA, Respondents.

**COUNSEL**

Heggeness & Sweet and Nancy W. Lyons for Petitioner.

Patricia S. Stephens, Frederick T. Dietrich, Thomas J. McBirnie, Carlson & Thiessen and Robert Thiessen for Respondents.

## OPINION

**NARES, J.**—Ralphs Grocery Company (Ralphs or the employer) seeks a writ of review after the Workers' Compensation Board (the Board) granted Dawn R. Lara's (Lara) petition for reconsideration and awarded her a 10 percent penalty under Labor Code[1] section 5814 for Ralphs's "unreasonable" delay in providing medical treatment and temporary disability benefits. Lara had requested a second change of physician. Ralphs denied the request and temporarily cut off Lara's temporary disability benefits based on its belief that section 4601,[2] entitled Lara to only one change in physician.

The primary issue presented is whether Ralphs' actions were unreasonable. In this opinion, we conclude that section 4601 was inapplicable and that Lara was entitled to a second change of physician under section 4600.[3] Because we conclude Ralphs's interpretation of the statutes was unreasonable, we affirm the Board's order.

## BACKGROUND

Lara suffered admitted bilateral wrist injuries while employed at Ralphs as a cashier. She was temporarily disabled in 1993 and was treated by Dr. Scalone upon referral from Ralphs. She was discharged and returned to work in August 1993. In March 1994, she again became symptomatic, filed a notice of claim, and began treatment with Dr. Scalone. Dr. Scalone found Lara to be temporarily totally disabled and Ralphs commenced paying temporary disability benefits.

On April 7, 1994, Dr. Scalone reported Lara was seen entering his office carrying a small child and not wearing her prescribed splint. Dr. Scalone

---

[1] All statutory references are to the Labor Code unless otherwise specified.

[2] Section 4601 in pertinent part provides: "If the employee so requests, the employer shall tender the employee one change of physician. The employee at any time may request that the employer tender this one-time change of physician. . . . Notwithstanding the 30-day time period specified in Section 4600, a request for a change of physician pursuant to this section may be made at any time."

[3] Section 4600 in pertinent part provides: "Medical . . . treatment . . . that is reasonably required to cure or relieve from the effects of the injury shall be provided by the employer. . . . After 30 days from the date the injury is reported, the employee may be treated by a physician of his or her own choice . . . . If an employee requests a change of physician pursuant to Section 4601, the request may be made at any time after the injury, and the alternative physician . . . shall be provided within five days of the request as required by Section 4601."

further reported Lara stated that she could not wear the splint because she had to use her right arm to care for her children and that she was not taking her medication as directed. Dr. Scalone opined that absent noncompliance with medical recommendations her condition should have improved at least 50 percent by that time.[4]

On April 12, 1994, Lara requested Kaiser Permanente (Kaiser) as a new treatment facility. Ralphs immediately authorized the change. By report dated May 31, 1994, a Kaiser doctor found Lara to be temporarily totally disabled for three weeks until June 20, 1994, and set an appointment for that date.

By a letter dated June 9, 1994, Lara's attorney requested a change of treating physician to Dr. Richard Braun indicating Lara did not feel she was receiving necessary treatment for her left extremity. Ralphs refused to authorize another change. Lara failed to keep her scheduled appointment and Ralphs temporarily discontinued paying temporary disability. By a "fax transmittal sheet" dated July 6, 1994, Lara's counsel notified Ralphs he considered "any refusal to authorize a new doctor as a refusal to timely provide treatment." He further stated Ralphs could avoid a penalty by authorizing treatment by Dr. Braun.

On July 13, 1994, Lara returned to Kaiser and Ralphs immediately reinstated disability payments and paid for Lara's interim period of disability. Shortly after her return to Kaiser, Lara returned to work on limited duty.

Lara sought a hearing on her right to change physicians and to receive a penalty for Ralphs's failure to pay temporary disability benefits and to provide medical treatment. After hearing, the workers' compensation judge (WCJ) found that under existing law Lara could make unlimited changes of physicians, subject to the test of reasonableness. The WCJ declined to impose penalties under section 5814 because he concluded Lara's purported reason for seeking a change was "flimsy, capricious and not supported by the evidence." Under the circumstances, the WCJ concluded that to find Ralphs had unreasonably delayed would be "patently unfair." Since the WCJ decision, Lara has been treated by Dr. Braun.

Lara petitioned the Board for reconsideration contending it was error to find Ralphs did not unreasonably delay the payment of temporary benefits

---

[4]Lara later testified at the hearing before the workers' compensation judge that she had followed Dr. Scalone's medical directions with respect to taking medication and wearing the splint.

and the provision of medical treatment. The WCJ in his report and recommendation on petition for reconsideration discussed what he considered to be Lara's "false pretext" that Kaiser was not treating both wrists equally and concluded the real reason for the demand to change was that the doctors at Kaiser had released her to return to modified work[5] which Ralphs was willing to provide and she preferred receiving temporary disability. The WCJ concluded Ralphs was reasonable in delaying under the circumstances.

The Board granted reconsideration and determined penalties were warranted. The Board noted the WCJ granted Lara's request to treat with Dr. Braun and that Ralphs had not sought reconsideration of that decision leaving the only issue to be the penalty. The Board stated Ralphs at the time of its refusal had not put Lara on notice it was challenging the reasonableness of the change to Dr. Braun or the basis for its refusal. Instead, the Board saw Ralphs as "unilaterally" terminating temporary disability payments. Under the circumstances, the Board concluded Lara was entitled to penalties for unreasonable delay in providing medical treatment and temporary disability benefits.

Ralphs timely petitioned for review. We issued the writ of review and heard oral argument.

## DISCUSSION

### The Parties' Positions

Ralphs contends it at no time refused or delayed authorization of medical treatment but continued to authorize treatment with Kaiser, which Lara had freely chosen. Rather, based on the "one-time" only language of section 4601 Ralphs contends it reasonably refused to authorize a second request to change treating physicians. Ralphs further argues Lara's request to change from Kaiser to Dr. Braun was unreasonable and based on the patently false pretext Kaiser was not treating both wrists. Finally, Ralphs argues it acted reasonably in temporarily refusing to issue temporary disability benefits for the period between June 20, 1994, and July 13, 1995, because it had no medical documentation to substantiate any claim or entitlement to such benefits after the period of disability specified in Kaiser's medical report of May 31 passed and Lara canceled her June 20 appointment.

The Board argues the imposition of the penalty was proper because Ralphs could not have had a reasonable legal doubt whether it was required

---

[5]We note that the May 31, 1994, report from Kaiser did not release her for modified work although earlier reports had done so.

to approve Lara's second request to change physicians. It argues sections 4600 and 4601 have been interpreted by the Board in three cases to permit an applicant to change physicians as often as he or she likes, within the bounds of reason. (See *Abex Corporation and Continental Ins. Co. v. Workers' Comp. Appeals Bd.* (1986) 51 Cal.Comp.Cases 321 [writ den.] (*Williams*); *Emporium-Capwells Co. v. Workers' Comp. Appeals Bd.* (1983) 48 Cal.Comp.Cases 801 [writ den.] (*Tidwell*); *Owens-Illinois, Inc. v. Workers' Comp. Appeals Bd.* (1978) 43 Cal.Comp.Cases 408 [writ den.] (*Nino*).) The Board contends that Ralphs acted without legal support when it simply denied Lara's request to change physicians and that Ralphs should have allowed the change and pursued its remedies under section 4603 or section 4050. The Board further argues Ralphs could not have had a reasonable doubt whether it was required to continue providing temporary disability compensation because such benefits must be provided until an applicant is found to be permanent and stationary or able to return to work.

Lara raises similar arguments to those raised by the Board and also argues there was substantial evidence to support the Board's decision. That is, there was substantial evidence supporting the validity of her request to change physicians and no evidence that Ralphs held a "genuine doubt" as to her right to change physicians at the time it refused to authorize Dr. Braun. Lara requests that penalties pursuant to section 5801 be imposed on Ralphs for the meritless filing of its petition for review. .

*Questions Raised*

*Was Lara Entitled to Change her Physician a Second Time?*

Section 4600 requires an employer to provide medical treatment reasonably required to cure or relieve the effects of a covered injury. Before 1976, an employer or its workers' compensation insurance carrier had full control of an injured employee's medical treatment subject to loss of control if treatment was inadequate. (See 1 Herlick, Cal. Workers' Compensation Law (5th ed. 1994), § 4.18, p. 4-16.) Effective January 1, 1976, predominate control of treatment shifted to the injured employee when section 4600 was amended to provide that 30 days after the date the injury is reported to the employer, an employee has the right to select his or her own physician. (Stats. 1975, ch. 1259, § 1, p. 3304; see also 1 Herlick, *supra*, § 4.1, p. 4-3.)

The employee, however, maintains the option of leaving medical control with the employer. At the same time section 4600 was amended to provide

for employee control of medical treatment, section 4601 was added to the Labor Code. It provided that upon an employee request, "the employer shall tender him one change of physicians." (Stats. 1975, ch. 1259, § 3, p. 3304.)

At oral argument the Board explained that since the adoption of these provisions, it has consistently interpreted the section 4600 provision regarding choice of physician to apply when an employee has elected to select his or her own physician while it has interpreted section 4601 to apply when an employer retains control over medical treatment and provides a physician to treat the injured employee. The Board therefore interprets section 4601 to allow an employee being treated by an employer-selected doctor to request a one-time change of physician. The employer must then select and "tender" a different physician to the employee. As to the employee exercising control over medical treatment, however, he or she is entitled under section 4600 to be treated by a physician of choice and is not limited in the number of changes of physician that may be made. According to the Board, if an employer concludes the employee is doctor shopping and abusing the right to choose, its remedy is to allow the change and then petition the administrative director under section 4603 to regain control of treatment or request a hearing before the WCJ on the matter.[6]

The Board's position is well documented in *Williams, supra,* 51 Cal.Comp.Cases 321, *Tidwell, supra,* 48 Cal.Comp.Cases 801; *Nino, supra,* 43 Cal.Comp.Cases 408.[7] In *Nino* the employee initially was treated by two physicians at an industrial medical clinic. After they recommended she return to work, she chose to consult with a third physician who performed a test that proved negative. He also advised return to work. On the advise of her attorney she went to a fourth physician who continued treating her. Based on the testimony of the employee and the report of the fourth physician, the WCJ awarded continuing temporary disability. The WCJ concluded that once 30 days had passed from reporting an injury an injured

[6]At oral argument, counsel for the Board acknowledged that a petition to the administrative director is cumbersome and slow and not regularly pursued. Counsel further advised the court that petitions for hearing to the WCJ are efficient and regularly pursued. It was in fact by this route that Lara obtained consideration of Ralphs's refusal to allow her to change physicians.

[7]*Nino, Tidwell,* and *Williams* were all reported in California Compensation Cases as "denials of writs of review." While the cases have no stare decisis effect as to the appellate court denial (see *Consumers Lobby Against Monopolies* v. *Public Utilities Com.* (1979) 25 Cal.3d 891, 902-905 [160 Cal.Rptr. 124, 603 P.2d 41]; *Coltherd* v. *Workers' Comp. Appeals Bd.* (1990) 225 Cal.App.3d 455, 462 [275 Cal.Rptr. 130]), they are citable authority as to the holding of the Board (see *Coltherd* v. *Workers' Comp. Appeals Bd., supra,* 225 Cal.App.3d at p. 462; *Wings West Airlines* v. *Workers' Comp. Appeals Bd.* (1986) 187 Cal.App.3d 1047, 1053, fn. 4 [232 Cal.Rptr. 343].)

employee had free choice of physician and that the statutory provision regarding one change of physician applied only to the first 30 days. The employer argued an injured employee was limited to one change of physician. The Board denied a petition for reconsideration.

In *Tidwell, supra,* 48 Cal.Comp.Cases 801, the employee was referred by his employer to a physician for treatment. The employee later requested a physician of his choice, which request was granted. After the employee obtained counsel, the employee notified the employer he was exercising his right to free choice of physician and would be seeing a third physician for treatment. The employer refused to authorize treatment by the third physician since the employee had already selected his treating physician. The employee was treated by the third physician who filed a lien in the proceedings. The WCJ found the employee should be reimbursed for the cost of treatment. The employer argued that the Labor Code limited an employee to one change of physician. The Board denied a petition for reconsideration, concluding section 4600 and 4601 allowed an employee to be treated by a physician of his choice 30 days after the injury and an employee was not limited in the number of times he or she could change physicians.

Finally in *Williams, supra,* 51 Cal.Comp.Cases 321, the employee initially chose to be treated by one physician and later informed his employer he chose to be treated by a different physician who was recommending surgery. The employer refused to allow a change of physician or authorize treatment. The employee underwent surgery and sought reimbursement for the cost of surgery. The WCJ found the employee was entitled to reimbursement. The employer contended an employee had only one free choice of a physician under section 4601. The Board affirmed the WCJ's finding stating that while section 4601 limited an employee to one request for the tender of a new physician, the right to choose a physician under section 4600 is not so limited and an injured worker can change his or her choice of physician more than once.

█ The Board's administrative construction of statutes that it is charged to enforce and interpret is entitled to great weight unless it is clearly erroneous. (*Wilkinson* v. *Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491, 501 [138 Cal.Rptr. 696, 564 P.2d 848].) █ The Board's interpretation is consistent with the language in sections 4600 and 4601 and is not clearly erroneous.

Sections 4600 and 4601 in effect at the time of the *Nino, Tidwell,* and *Williams* decisions were in most respects the same as those applying here.

Section 4600 required an employer to provide medical treatment to cure or relieve the effects of the injury and allowed an employee to be treated by a physician of the employee's choice once 30 days passed after reporting the injury. (Stats. 1975, ch. 1259, § 1, p. 3304; Stats. 1977, ch. 1172, § 1, p. 3841; Stats. 1984, ch. 596, § 2, pp. 2282-2283.) Section 4601 required the employer to tender one change of physician upon an employee's request. (Stats. 1975, ch. 1259, § 3, p. 3304.)

In 1990, section 4601 was amended to provide that the employee could request tender of the "one-time change of physician" at any time and to include an additional provision that notwithstanding the 30-day period specified in section 4600, a request under section 4601 could be made at any time. (Stats. 1990, ch. 110, § 2, p. 1074.) Section 4600 was amended to add a provision that if an employee requested a change of physician pursuant to section 4601, the request could be made at any time. (Stats. 1990, ch. 110, § 1, p. 1073; Stats. 1990, ch. 1550, § 30, p. 7275.) The statute specifically provided the amendment to section 4601 did not constitute a change in, but was declaratory of existing law. (Stats. 1990, ch. 110, § 3, p. 1075.) The amendments simply made it clear a section 4601 request to change physicians could be made at "any time" including the initial 30 days of treatment.

Ralphs has raised concerns that accepting the Board's interpretation to allow free choice of a physician under section 4600 would foster doctor shopping and encourage abuse of the workers' compensation system. It considers such an abuse to have occurred here in light of the WCJ's conclusions that Lara's purported reasons for seeking a change of physician were "flimsy," "capricious," "a false pretext" and "not supported by the evidence." We express no opinion on whether the WCJ's conclusions were warranted. However, even if the request to change physician constituted an abuse of the system, Ralphs's remedy was not to unilaterally refuse to allow the change but to follow one of the avenues available to bring the matter to the attention of the Board. Moreover, if there is wide-spread abuse by employees exercising their right to choose a physician, it is a matter that can be brought to the attention of the Legislature.

We therefore conclude the limitation of "one-time change of physician" set forth in section 4601 was not applicable to Lara who was exercising her right to control her medical treatment and select her own physician. Under section 4600, Lara was entitled to her choice of physician and her request to change her treatment to Dr. Braun should not have been unilaterally denied.

*Was Ralphs' Refusal to Authorize the Second Change Unreasonable?*

■ Section 5814 provides that when "payment of compensation has been unreasonably delayed or refused" the full amount of the award is increased by 10 percent. All parties agree "payment of compensation" under section 5814 includes the provision of medical treatment. The only satisfactory excuse to delay or refuse payment is a "genuine doubt from a medical or legal standpoint as to liability for benefits, . . ." (*Kerley* v. *Workmen's Comp. App. Bd.* (1971) 4 Cal.3d 223, 230 [93 Cal.Rptr. 192, 481 P.2d 200].) The employer has the burden of presenting substantial evidence for a finding of such doubt. (*Ibid.*) A delay is not ordinarily excused by an employer's erroneous view of the law. (See *Argonaut Ins. Co.* v. *Industrial Acc. Com.* (1962) 210 Cal.App.2d 267, 268-269 [26 Cal.Rptr. 470].) However, a reasonable interpretation of unsettled law is a valid excuse. (*County of Los Angeles* v. *Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 933, 940-941 [168 Cal.Rptr. 789].) We must therefore determine whether considering the state of the law, Ralphs' refusal to provide Lara treatment with the physician of her choice was unreasonable.

While there are no appellate court decisions on the matter, the position of the Board has been clearly set out particularly in *Tidwell* and *Williams*. Moreover, several standard California texts on workers' compensation cite to the pertinent cases or discuss the issue.

One text cites *Tidwell* and *Nino* and states that an employee is not limited to only one choice of physician. (Cal. Workers' Comp. Practice (Cont.Ed.Bar 1985) §§ 14.52, 14.53, pp. 586-588.) A second text states an employee 30 days after the injury is reported has the right to select his or her own physician. (1 Herlick, Cal. Workers' Compensation Law, *supra*, § 4.1, p. 4-3.) In a separate section, Herlick states that where an employer exercises medical control as during the first 30 days after injury, the employee has a right to one change of physician upon request. (1 Herlick, *supra*, § 4.25, p. 4-26.)[8] Yet a third text cites *Williams* and states that while section 4601 "limits an employee to one request for the tender of a new physician, an employee's right to choose a physician under Labor Code Section 4600 is not so limited, and thus an injured employee is entitled to change his or her choice of physicians more than once." (1 Hanna, Cal. Law of Employee

---

[8]We have cited the current, fifth edition of California Workers' Compensation Law which was not available to Ralphs when it refused the change. However, identical text is contained in the fourth edition in the corresponding sections which would have been available to the employer.

Injuries and Workers' Compensation (rev. 2d ed. 1995) §§ 5.05[7][a], p. 5-37.)[9]

At oral argument Ralphs argued that the extensive legislative changes to workers' compensation statutes in 1990 and 1993 made it reasonable to believe that an employee was not entitled to more than one change of physician even where an employee was exercising control over his or her medical treatment. We have previously discussed that the 1990 changes to sections 4600 and 4601 did nothing more than make it explicit that an employee could exercise the section 4601 right to change the physician within the first 30 days.

With respect to the 1993 amendments, Ralphs argued at oral argument that there were massive changes cutting down the number of physicians used in a workers' compensation proceeding. Ralphs pointed out that under the amendments a treating physician must prepare a report and render opinions on all medical issues necessary to determine eligibility and that the findings of the treating physician are presumed to be correct subject to controversion by a preponderance of medical opinion to the contrary. (§§ 4061.5, 4062.9.) With a presumption of correctness of the treating physician, Ralphs contends doctor shopping would be encouraged and the employer put at a severe disadvantage unless the employee's choice of physician is limited. Ralphs implies that the Legislature either limited the right to choose or that it was reasonable to believe it had done so.

We disagree. It is clear that the Legislature enacted several measures that make major cutbacks in the number of physicians participating in a workers' compensation proceeding, particularly with respect to those providing medical-legal evaluations. (See, e.g., §§ 4060, subds. (c), (d), 4061, subds. (c), (d), (g), 4062, subds. (a), (c).) However, the Legislature did nothing to change the employee's right of choice of treating physician under section 4600. The legislative reports prepared in connection with amendments

---

[9]We note that in another section, Hanna states an employee has an absolute right to select a treating physician 30 days after reporting the injury, the employee may at any time request the employer to honor the statutory right to a one-time change of physician, and further changes of the treating physician by either the employer or employee require a showing of good cause. (2 Hanna, Cal. Law of Employee Injuries and Workers' Compensation, *supra*, § 25.10[4], p. 25-39.) Section 4603 and Administrative Director rule 9786 codified at California Code of Regulations, title 8, section 9786, cited in support of the statement that further changes by either the employer or employee requires a showing of good cause, however, deal not with employee choice of physician but with an employer petitioning the administrative director to regain control of medical treatment.

We also note that the sections of the text relied upon in this opinion were released in May 1994 before Lara requested a change to Dr. Braun.

regarding provision of treatment through managed care organizations repeatedly refer to the existing right of an employee to select his or her own physician after 30 days. (Assem. Com. on Finance, Ins. & Public Investment, Analysis of Assem. Bill No. 110 (1993-1994 Reg. Sess.) Mar. 23, 1993, p. 6; Sen. Com. on Industrial Relations, Analysis of Assem. Bill No. 110 (1993-1994 Reg. Sess.) as amended Apr. 15, 1993, p. 3; Assem. Com. on Appropriations, Sen. Floor Analysis of Assem. Bill No. 110 (1993-1994 Reg. Sess.) as amended May 5, 1993, p. 5; Conf. Com., Proposed Conf. Rep. No. 2, Analysis of Assem. Bill No. 110 (1993-1994 Reg. Sess.) p. 15; Sen. Rules Com., Office of Sen. Floor Analysis, Analysis of Assem. Bill No. 110 (1993-1994 Reg. Sess.) as amended May 5, 1993, p. 5.) If the Legislature had intended to change the employee's right of choice it could have done so.

Based on the existing state of the law, we conclude Ralphs could not have entertained a "genuine doubt" as to its obligation to allow Lara to change her choice of treating physician to Dr. Braun. The penalty imposed for denial of medical treatment with a physician of Lara's choice was therefore proper.

*Did Ralphs Unreasonably Delay Payment of Temporary Disability Benefits?*

We do not address Ralphs' argument that an employer may deny temporary disability benefits for lack of medical documentation to substantiate the claim once the period of disability specified in the last medical report passes. Here, the lack of medical documentation was caused by Ralphs' wrongful denial of Lara's choice of Dr. Braun. Lara's request was made 11 days before the expiration of disability specified in Kaiser's report. Had the request been granted, Dr. Braun presumably would have provided a new report addressing Lara's need for benefits. Ralphs cannot rely on its wrongful act to justify delay in paying the temporary disability benefits. The Board's imposition of a penalty on temporary disability benefits was therefore proper.

*Is Lara Entitled to Attorney Fees Under Section 5801?*

Section 5801 provides that an employee may recover a supplemental award for attorney fees if there was no reasonable basis for an employer's petition for writ of review. As previously discussed, Ralphs could not have entertained a "genuine doubt" whether Lara was entitled to change to Dr. Braun. The same reasoning applies with respect to whether there was a reasonable basis for the petition.

DISPOSITION

The order of the Board granting reconsideration and the decision after reconsideration are affirmed. The matter is remanded to the Board to make a supplemental award pursuant to section 5801.

Work, Acting P. J., and Froehlich, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.