[No. A077047. First Dist., Div. Five. Aug. 20, 1998.]

GARY TENSFELDT, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CITY AND
COUNTY OF SAN FRANCISCO, Respondents.

**COUNSEL**

George J. Engler for Petitioner.

Louise H. Renne, City Attorney, Dennis Aftergut, Chief Assistant City Attorney, Arthur R. Greenberg and Aleeta M. Van Runkle, Deputy City Attorneys, for Respondents.

OPINION

**PETERSON, P. J.**—Petitioner Gary Tensfeldt (Tensfeldt) was convicted of insurance fraud under Insurance Code section 1871.4, subdivision (a)(1),[1] for lying about the circumstances of an alleged industrial knee injury to obtain workers' compensation benefits. Tensfeldt entered a negotiated plea of nolo contendere to one misdemeanor count of insurance fraud, made restitution, and filed a second claim seeking compensation benefits for what he professed were the actual circumstances of the injury. The Workers' Compensation Appeals Board (Board) denied the second claim. In affirming the Board's decision, we will hold that when convicted of insurance fraud in violation of section 1871.4(a)(1), an applicant for workers' compensation insurance benefits may be, and in this case is, wholly barred from receiving or retaining any such benefits directly emanating from or connected with the fraudulent misrepresentation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tensfeldt was hired by respondent Water Department of the City and County of San Francisco (City) as an apprentice plumber on February 1, 1994. He was assigned to a cement cutting crew with two laborers under the supervision of Jim Lynch.

On Friday, February 4, 1994, Tensfeldt's crew had a total of three job assignments, which they completed early, around 2:30 p.m. Upon completion, Lynch drove Tensfeldt and another crew member to a City gymnasium where they joined other water department employees to play basketball. Apparently this recreational activity had taken place on other Friday afternoons when work assignments were completed before the end of the work day. During the course of playing basketball, Tensfeldt injured his left knee when he jumped for a rebound and landed on the foot of another player. He was carried out of the gym and driven back to the main water department yard by other employees. He claims that other employees urged him to lie about how the injury occurred because they did not want to get in trouble. Tensfeldt then reported the injury and filed the fraudulent claim alleging that he had dislocated his knee on the job that day when he jumped out of a compressor truck.

City accepted the claim. Medical treatment and temporary disability indemnity were provided until rumors surfaced regarding the truth. On April 6,

---

[1]Unless otherwise indicated, all subsequent statutory references are to the Insurance Code. Section 1871.4, subdivision (a)(1) is hereafter referred to as section 1871.4(a)(1) for the sake of convenience.

1994, City instigated a criminal investigation. While the investigation was pending, Tensfeldt did not come forward with the truth. He testified that other employees urged him to keep silent. On April 18, 1994, after reviewing the police investigative reports, City terminated all benefits. Upon learning that the investigation was complete, Tensfeldt met with the police on April 22, 1994, and revealed the true nature of the injury. He admitted for the first time that he had falsely reported the injury and, in fact, was hurt while playing basketball. The incident report and police narratives were forwarded to the district attorney's office. A criminal complaint was filed against Tensfeldt charging him with a violation of section 1871.4.

On June 9, 1994, while the criminal matter was pending, Tensfeldt filed a second workers' compensation claim, alleging he incurred the injury to his left knee, which was the subject of his first and false claim, while "engaging in customary Friday afternoon recreational activity during hours of employment and on employer's premises." City denied the claim.

On November 29, 1994, Tensfeldt entered a plea of nolo contendere in the criminal case to one count of misdemeanor insurance fraud in violation of section 1871.4(a)(1).[2] Tensfeldt was convicted; and on December 21, 1994, the superior court entered judgment.

On January 2, 1996, Tensfeldt's workers' compensation case proceeded to trial before the workers' compensation judge (WCJ) who determined that the Friday afternoon basketball games during working hours on City property were an established and encouraged custom among water department employees. Accordingly, he found that Tensfeldt sustained an injury arising out of and occurring in the course of employment that was not barred by Labor Code section 3600, subdivision (a)(9). Interpreting section 1871.5, the WCJ also held that the fraud conviction did not prevent Tensfeldt from seeking and receiving compensation benefits for an otherwise legitimate work injury based on the true facts of the injury.

City petitioned for reconsideration. In a two-to-one opinion the Board held that Tensfeldt was barred under section 1871.5 from "receiving or retaining any workers' compensation benefits." Citing its holding in *Miller* v. *Workers' Comp. Appeals Bd.* (1996) 61 Cal.Comp.Cases 118 (*Miller*), the majority reasoned: "We see no exception in the statute for the circumstances presented by this case. Clearly the conduct intended to be punished is the fraudulent misrepresentation. The penalty attaches to the conduct, and in this case would extend to all benefits arising from the basketball activity on

---

[2]"The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes." (Pen. Code, § 1016, subd. 3.)

February 4, 1994."[3] The majority, thus, impliedly rejected the theory that a subsequent claim, attempting to classify an injury as within the course and scope of employment, could vitiate the first claim for the same injury which was fraudulent; i.e., that once fraud was initiated and admitted by Tensfeldt, he got no second bite of the compensation apple by such means. Consequently, the Board did not address the issue of statutory compensability of Tensfeldt's injury incurred while playing basketball.

The dissent cited the Board's holding in *Zenith Insurance Company* v. *Workers' Comp. Appeals Bd. (Ball)* (1996) 61 Cal.Comp.Cases 1107 (*Ball*), decided after *Miller.* In *Ball*, the Board did not interpret section 1871.5 to bar an injured employee convicted of fraud under section 1871.4(a)(1) from seeking to prove entitlement to compensation benefits for an otherwise legitimate industrial injury.[4] The dissent would have affirmed the WCJ's findings because the basketball activity was a reasonable expectation of Tensfeldt's employment and, thus, compensable under Labor Code section 3600, subdivision (a)(9), i.e., that Tensfeldt's entitlement to further compensation benefits for a compensable injury based solely on the true circumstances of an otherwise legitimate industrial injury was not barred by the plain wording of section 1871.5.

This petition for writ of review followed.

## II. DISCUSSION

### A. *Section 1871.5 Precludes Tensfeldt's Recovery of Benefits*

As we explain, the majority of the Board correctly analyzed the application of sections 1871.4(a)(1) and 1871.5 in this case. These sections were enacted as part of a series of comprehensive reform legislation (Stats. 1989, ch. 1119, § 3, p. 4130 et seq.), which has been supplemented in subsequent

---

[3]In *Miller*, a Board panel held that an injured employee was completely barred by section 1871.5 from maintaining her claim for any workers' compensation after a felony conviction under section 1871.4(a)(1) for making false statements about the nature and extent of her disability in order to support her allegations of industrial injury. (*Miller, supra*, 61 Cal.Comp.Cases 118.)

[4]In *Ball*, a Board panel upheld an award of continuing temporary disability indemnity after Ball had been convicted of a misdemeanor under section 1871.4(a)(1) for fraudulently receiving indemnity for an earlier period in the same stipulated injury case. At the same time, Zenith was paying temporary disability indemnity to Ball, he also was collecting wages from two other employers. On September 6, 1996, Zenith's petition for writ of review was denied by this court pursuant to a nonpublished minute order, which stated: "The request for judicial notice of [*Miller*], review denied April 25, 1996 (S051692) is granted. [¶] The petition for writ of review is denied." (*Ball, supra*, 61 Cal.Comp.Cases at p. 1108.)

legislation. The Insurance Frauds Prevention Act (§ 1871 et seq.) was aimed at reducing fraudulent workers' compensation claims as well as other insurance fraud. (See *Longval* v. *Workers' Comp. Appeals Bd.* (1996) 51 Cal.App.4th 792, 800 [59 Cal.Rptr.2d 463].) "The clear aim of the legislation was to control fraudulent claim practices by increasing professional and criminal penalties and actively investigating and prosecuting fraud." (*Id.* at p. 801; § 1871, subds. (d) & (e).) To this end, section 1871.4(a)(1), enacted in 1991, makes it a crime to "Make or cause to be made any knowingly false or fraudulent material statement or material representation for the purpose of obtaining or denying any compensation, as defined in Section 3207 of the Labor Code."[5] (Stats. 1991, ch. 116, § 13, p. 688.)

The Legislature also enacted Labor Code section 5803.5 in 1991. It provides, as follows: "Any conviction pursuant to Section 1871.4 of the Insurance Code that *materially* affects the basis of any order, decision, or award of the appeals board shall be sufficient grounds for a reconsideration of that order, decision, or award." (Stats. 1991, ch. 116, § 33, p. 700, italics added.)

---

[5]The remainder of section 1871.4 provides:

"(2) Present or cause to be presented any knowingly false or fraudulent written or oral material statement in support of, or in opposition to, any claim for compensation for the purpose of obtaining or denying any compensation, as defined in Section 3207 of the Labor Code.

"(3) Knowingly assist, abet, conspire with, or solicit any person in an unlawful act under this section.

"(4) *Make or cause to be made any knowingly false or fraudulent statements with regard to entitlement to benefits with the intent to discourage an injured worker from claiming benefits or pursuing a claim.*

"For the purposes of this subdivision, 'statement' includes, but is not limited to, any notice, proof of injury, bill for services, payment for services, hospital or doctor records, X-ray, test results, medical-legal expense as defined in Section 4620 of the Labor Code, other evidence of loss, injury, or expense, or payment.

"(b) Every person who violates subdivision (a) shall be punished by imprisonment in county jail for one year, or in the state prison, for two, three, or five years, or by a fine not exceeding fifty thousand dollars ($50,000) or double the value of the fraud, whichever is greater, or by both imprisonment and fine. Restitution shall be ordered, including restitution for any medical evaluation or treatment services obtained or provided. The court shall determine the amount of restitution and the person or persons to whom the restitution shall be paid.

"(c) Any person who violates subdivision (a) and who has a prior felony conviction of that subdivision, of former Section 556, of former Section 1871.1, or of Section 548 or 550 of the Penal Code, shall receive a two-year enhancement for each prior conviction in addition to the sentence provided in subdivision (b).

"The existence of any fact that would subject a person to a penalty enhancement shall be alleged in the information or indictment and either admitted by the defendant in open court, or found to be true by the jury trying the issue of guilt or by the court where guilt is established by plea of guilty or nolo contendere or by trial by the court sitting without a jury.

"(d) This section shall not be construed to preclude the applicability of any other provision of criminal law that applies or may apply to any transaction."

In 1993, section 1871.5 was added to provide further limitations on receipt of compensation benefits by individuals convicted of workers' compensation fraud: "Any person convicted of workers' compensation fraud pursuant to Section 1871.4 or Section 550 of the Penal Code shall be ineligible to receive or retain any compensation, as defined in Section 3207 of the Labor Code,[6] where that compensation was owed or received as a result of a violation of Section 1871.4 or Section 550 of the Penal Code for which the recipient of the compensation was convicted." (Stats. 1993, ch. 120.)

In the case before us, Tensfeldt challenges the Board's application of section 1871.5 as a total bar to his entitlement to receive or retain any workers' compensation benefits resulting from the basketball injury. We address the application of section 1871.5 to the case at bench as a matter of first impression.

The objective of statutory interpretation is to construe a law consonant with its purpose. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) The language of the statute is the prime indicator of such purpose and should generally be interpreted according to its "usual, ordinary import." (*Ibid.*) Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear from its legislative history or on the face of the statute. (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562 [7 Cal.Rptr.2d 531, 828 P.2d 672].)

Turning to the language in question, section 1871.5 clearly states that "Any person convicted of workers' compensation fraud . . . shall be ineligible to receive or retain any compensation . . . where that compensation was owed or received *as a result of a violation . . . for which the recipient of the compensation was convicted.*" (Italics added.) Giving the language its ordinary meaning, section 1871.5 unambiguously provides that an injured worker must return only "that compensation" obtained by fraud, and may not receive further compensation stemming from the fraud. This interpretation does not conflict with Labor Code section 5803.5. That section, consistent with section 1871.5, posits a fraud conviction which "materially" affects the basis of an award, as a predicate condition to "reconsideration" of an order, decision, or award theretofore made. Obviously, such "reconsideration" may, dependent on the facts of a case, result

---

[6]Labor Code section 3207 provides: " 'Compensation' means compensation under Division 4 and includes every benefit or payment conferred by Division 4 upon an injured employee, including vocational rehabilitation, or in the event of his death, upon his dependents, without regard to negligence."

in annulment of the award previously made. Accordingly, we hold that following a conviction of workers' compensation fraud under section 1871.4(a)(1), an individual who seeks to receive or retain workers' compensation benefits is barred from retaining or receiving any compensation, as defined in Labor Code section 3207, which stems directly from the fraudulent misrepresentation.

Applying this parameter to the record before us, Tensfeldt's conviction necessarily aborts his right to receive or retain any and all compensation benefits flowing from the injury he sustained while playing basketball on February 4, 1994. Consequently, it was unnecessary for the Board to decide whether the WCJ had correctly found that Tensfeldt's basketball injury was compensable under Labor Code section 3600, subdivision (a)(9).[7] The fact that Tensfeldt filed a second claim alleging the true circumstances of the knee injury is irrelevant because, as we discuss *post*, on this record Tensfeldt would be barred under section 1871.5 notwithstanding the question of his statutory eligibility for compensation in the first place. When an employee is convicted for fraud because of a lie about the statutory compensability of an injury, section 1871.5 precludes that employee from "receiving or retaining" *all* workers' compensation benefits, because the fraudulent misrepresentation is material to entitlement to *any* benefits under the Labor Code. Here, both the language of section 1871.5 and its obvious deterrent intent are consistent with this result.

We further emphasize that as a general rule these fraud cases must be determined on an ad hoc basis. It is unworkable to attempt a fixed rule interpreting section 1871.5 to completely bar individuals convicted under section 1871.4 from forever receiving or retaining any workers' compensation benefits connected with a claim for an otherwise legitimate industrial injury, without regard for the specific facts of the case. Nor would such an inflexible rule be justified by the plain language of section 1871.5. Any implication to the contrary derived from *Muniz* v. *Workers' Comp. Appeals Bd.* (1997) 62 Cal.Comp.Cases 1597 (*Muniz*) is erroneous.[8] In a

---

[7]Labor Code section 3600, subdivision (a)(9) provides: "(a) Liability for the compensation provided by this division . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . in those cases where the following conditions of compensation concur: [¶] . . . [¶] (9) Where the injury does not arise out of voluntary participation in any off-duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, except where these activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment. . . ."

[8]Decisions reported in California Compensation Cases as "denials of writs of review" are citable authority for the holding of the Board; however, they have no stare decisis effect as to

nonpublished minute order denying the employee's petition for writ of review, the Fourth Appellate District stated in pertinent part: "Jose Francisco Muniz . . . . contends he should only be barred from receiving those temporary total disability benefits he obtained while employed. [¶] . . . [¶] We agree with the [Board's] interpretation that an applicant convicted of fraud relating to a claim is completely barred from receiving or retaining any workers' compensation benefits in connection with the claim." (*Id.* at p. 1599.)

However, in an earlier case, *Longs Drug Stores* v. *Workers' Comp. Appeals Bd.* (*Sciutto*) (1996) 61 Cal.Comp.Cases 1307, 1309 (*Sciutto*), the Fourth Appellate District denied a petition for writ of review and approved an exactly opposite result in its accompanying nonpublished minute order, stating: " 'Here, the [Board] was reasonable in concluding the applicant worker was not statutorily ineligible for compensation under . . . section 1871.5 *if he was able to show that compensation is not owed as a result of his unlawful conduct. The clause 'any compensation' in section 1871.5 is qualified in the same section to mean specific compensation sought or obtained through fraud.*' " (Italics added.)[9]

■ Entitlement to receive further compensation benefits after a fraud conviction necessarily will require (1) an actual, otherwise compensable, industrial injury; (2) substantial medical evidence supporting an award of compensation not stemming from the fraudulent misrepresentation for which the claimant was convicted; and (3) that claimant's credibility is not so destroyed as to make claimant unbelievable concerning any disputed issue in

---

the appellate court denial. (*Ralphs Grocery Co.* v. *Workers' Comp. Appeals Bd.* (1995) 38 Cal.App.4th 820, 827, fn. 7 [45 Cal.Rptr.2d 197].)

In *Muniz,* a majority panel held that an injured employee was completely barred by section 1871.5 from receiving any workers' compensation benefits after a conviction under section 1871.4(a)(1) for making false statements in order to obtain temporary total disability indemnity following his 1995 industrial injury. Muniz was working full-time for wages for another employer while receiving temporary total disability benefits for the industrial injury. (*Muniz, supra,* 62 Cal.Comp.Cases at pp. 1598-1599.)

[9]In *Sciutto,* a Board panel held that the injured employee by virtue of pleading guilty to insurance fraud (§ 1871.4(a)(1)) for misrepresenting the existence of self-employment income, while he was receiving temporary disability benefits for the otherwise legitimate industrial injury, was only barred by section 1871.5 from receiving compensation benefits related to the fraud, not all workers' compensation benefits. (*Sciutto, supra,* 61 Cal.Comp.Cases at p. 1309.) The Board emphasized that "benefits which were not obtained or received by reason of those [fraudulent] statements would not be barred. While it may be true as a general rule that statements for purposes of workers' compensation fraud reflect the falsity of the entire claim (see, e.g., *Miller* . . .), *we believe that each case must be considered on its particular facts* and that in the present case the remedy determined by the [WCJ] is not barred by section 1871.5." (*Ibid.,* italics added.)

the underlying compensation case. Whether an employee is barred from receiving benefits by application of section 1871.5, following a conviction of workers' compensation fraud under section 1871.4(a)(1), must be decided on a case-by-case basis. Absent a clear and express intention of the Legislature, we cannot interpret section 1871.5 to bar without qualification receipt of all classes of compensation benefits as a result of the fraudulent receipt of any one benefit unless there is substantial proof that those benefits in question were owed or received as a result of the fraud.

In the case at bar, however, Tensfeldt was convicted under section 1871.4 for lying about the very fact of compensability, the essential event which is material to establishing an *industrial* injury, and which is necessary to trigger City's statutory liability for workers' compensation benefits in the first place. It is undisputed that Tensfeldt's second, so-called "truthful" claim, seeks the same benefits sought by the false claim leading to his conviction. In summary, application of section 1871.5 in this case precludes Tensfeldt from seeking any and all compensation benefits for the *same* knee injury regardless of the circumstances of injury.

### B. *Compensability of Tensfeldt's Basketball Injury*

We depart from the proscription against reviewing unnecessary matters to address the compensability of Tensfeldt's basketball injury. Because the issue of recreational or athletic activity related to employment is of continuing public interest and likely to recur, it deserves discussion here despite its posture before us. (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 338, pp. 379-380.) At oral argument on June 29, 1998, the parties declined the opportunity for further briefing when questioned about the compensability of Tensfeldt's injury under Labor Code section 3600, subdivision (a)(9), in the event this court decided to look at the issue as a matter of law. The parties further stipulated to a waiver of Government Code section 68081 and agreed that this issue, thoroughly briefed in the arguments presented to the WCJ and Board, could be considered on this appeal. We have reviewed the record and conclude that the injury issue is susceptible to only one reasonable inference and is, therefore, a question of law. (9 Witkin, Cal. Procedure, *supra*, §§ 338-339, pp. 379-382.)

As explained by this court (Division Two of the First Appellate District) in *Ezzy* v. *Workers' Comp. Appeals Bd.* (1983) 146 Cal.App.3d 252, 261-263 [194 Cal.Rptr. 90], in enacting what is now Labor Code section 3600, subdivision (a)(9), the Legislature intended to eliminate from workers' compensation coverage injuries sustained during recreational, social, or athletic activities which are only remotely work related. In this case there is

little, if any, evidence that Tensfeldt *reasonably* believed that he was expected to participate in basketball games on Friday afternoons with other water department employees or that participation was expressly or impliedly required by the employment. (*Taylor* v. *Workers' Comp. Appeals Bd.* (1988) 199 Cal.App.3d 211, 215 [244 Cal.Rptr. 643]; *Todd* v. *Workers' Comp. Appeals Bd.* (1988) 198 Cal.App.3d 757, 760 [243 Cal.Rptr. 925].) It is undisputed that no supervisors were present at the gymnasium during the Friday basketball game. Furthermore, there is no evidence that any supervisors other than Lynch knew about the game. Tensfeldt conceded he was not forced by anyone to play basketball. The fact that Tensfeldt may not have been technically "off-duty" at the time he injured his knee, or that his immediate supervisor may have condoned the basketball game, on this record, would not bring Tensfeldt within the test for coverage under Labor Code section 3600, subdivision (a)(9). (*Todd, supra*, at p. 760.)

## III. DISPOSITION

The Board's opinion dated December 13, 1996, is affirmed. Respondents are to recover their costs on appeal.

Jones, J., and Haning, J., concurred.