[No. B159191. Second Dist., Div. One. Dec. 19, 2002.]

FARMERS INSURANCE GROUP OF COMPANIES/TRUCK INSURANCE EXCHANGE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and MICHAEL SANCHEZ, Respondents.

## COUNSEL

Zaks & Barnard and Richard Zaks for Petitioner.

No appearance for Respondents.

## OPINION

## SPENCER, P. J.—

### INTRODUCTION

Michael Sanchez has been receiving workers' compensation benefits pursuant to an ongoing award for medical treatment and life pension. He was convicted in superior court of fraudulent misrepresentation in the acquisition of medically required special footwear in the amount of $84,527.56 pursuant to Insurance Code sections 1871.4, subdivision (a)(1) and 1871.5.[1] The superior court ordered restitution of that sum at the rate of $100 per month.

---

[1] Insurance Code section 1871.4 provides in pertinent part that "(a) It is unlawful to do any of the following: [¶] (1) Make or cause to be made any knowingly false or fraudulent material statement or material representation for the purpose of obtaining or denying any compensation, as defined in Section 3207 or the Labor Code. [¶] . . . [¶] (b) Every person who violates subdivision (a) shall be punished by imprisonment in county jail for one year, or in the state prison, for two, three, or five years, or by a fine not exceeding fifty thousand dollars ($50,000) or double the value of the fraud, whichever is greater, or by both imprisonment and fine. Restitution shall be ordered, including restitution for any medical evaluation or treatment

Sanchez has paid no restitution. His employer's insurer, Farmers Insurance Group of Companies/Truck Insurance Exchange, seeks a credit against the life pension in the workers' compensation action in order to satisfy the restitution order. We hold that the Workers' Compensation Appeals Board has jurisdiction to bar receipt of that portion of the benefit obtained by fraud, the special footwear. We further hold that the employer has no right to a credit against any species of benefit, in whole or part. We therefore annul the board's decision and remand the matter for further consideration based on our opinion.

BACKGROUND

On January 27, 1978, Michael Sanchez (Sanchez) injured his right lower extremity and psyche while employed as a security guard by Tony's Auto Wrecking. He was awarded 73¾ percent permanent disability amounting to $28,787.50, payable at $70 per week, and thereafter a pension of $22.21 per week for the remainder of his life, as well as coverage of further medical treatment.

In accordance with the award, Sanchez was entitled to reimbursement for expenditures he made to acquire special footwear that he needed as a result of his injuries. Each pair of shoes cost $1,300. Sanchez submitted stolen purchase slips from a defunct store, which he then forged. Over a three-year period, Sanchez pocketed $84,527.56 from the fraud. He was prosecuted under Insurance Code sections 1871.4 and 1871.5. He pled no contest. The court ordered him to pay restitution of $84,527.56, at the rate of $100 per month. Sanchez had made no payments to Farmers of the court-ordered restitution.

 ■■■ Farmers petitioned to bar all further workers' compensation benefits pursuant to the fraud conviction, or in the alternative, for credit. Citing *Tensfeldt v. Workers' Comp. Appeals Bd.* (1998) 66 Cal.App.4th 116

services obtained or provided. The court shall determine the amount of restitution and the person or persons to whom the restitution shall be paid. [¶] (c) Any person who violates subdivision (a) and who has a prior felony conviction of that subdivision, of former Section 556, of former Section 1871.1, or of Section 548 or 550 of the Penal Code, shall receive a two-year enhancement for each prior conviction in addition to the sentence provided in subdivision (b). [¶] . . . [¶] (d) This section shall not be construed to preclude the applicability of any other provision of criminal law that applies or may apply to any transaction."

Insurance Code section 1871.5 provides in pertinent part: "Any person convicted of workers' compensation fraud pursuant to Section 1871.4 . . . shall be ineligible to receive or retain any compensation . . . where that compensation was owed or received as a result of a violation of Section 1871.4 . . . for which the recipient of the compensation was convicted."

[77 Cal.Rptr.2d 691], Sanchez argued he should not be barred from further benefits, and no credit should be allowed.[2]

The workers' compensation judge (WCJ) found all benefits were not barred and Farmers was entitled to a credit against future medical treatment but not against the life pension. The WCJ suggested that the future receipt of medical treatment and supplies could be barred if Farmers had filed such a request within five years of the date of injury. The WCJ concluded he did not have jurisdiction to reopen the award beyond that time.

Farmers petitioned for reconsideration, contending credit may be allowed against a different species of benefit. Farmers distinguished *Tensfeldt v. Workers' Comp. Appeals Bd., supra,* 66 Cal.App.4th 116, arguing a credit is not the same as barring future recovery.

In his report upon reconsideration, the WCJ reasoned, based on *Tensfeldt,* that inasmuch as the fraud pertained solely to the medical award, Farmers' right to a credit also was limited to Sanchez's receipt of medical benefits. The board denied Farmers' petition for reconsideration and adopted the WCJ's report as its decision.

## DISCUSSION

Farmers no longer contends that Sanchez should be barred from receiving all benefits. Farmers now contends it is asking only for restitution from any source available of money fraudulently obtained.

Farmers argues that while *Tensfeldt* prohibits barring a benefit that was not the subject of the fraud, it does not address restitution and credit rights. In support of its argument, Farmers cites decisions where credit for overpayment of one species of benefit has been allowed against liability for another species of benefit. (See, e.g., *Safway Steel etc. Co. v. Ind. Acc. Com.* (1942) 55 Cal.App.2d 388 [130 P.2d 484] [lien allowed for living expenses advanced against unpaid compensation regardless of species]; *Berry v. Industrial Acc. Com.* (1959) 24 Cal.Comp.Cases 126 [overpayment of temporary disability allowed against future permanent disability liability and medical-legal expense liability]; *Arroyo v. Workers' Comp. Appeals Bd.* (1997) 62

---

[2]Following a conviction for violation of Insurance Code section 1871.4, subdivision (a)(1), the injured worker may be wholly barred by application of Insurance Code section 1871.5 from receiving or retaining any compensation *directly emanating* from or connected with the fraudulent misrepresentation. (*Tensfeldt v. Workers' Comp. Appeals Bd., supra,* 66 Cal.App.4th at p. 124.) Benefits due that were not fraudulently obtained are still due. (*Id.* at pp. 125-126.)

Cal.Comp.Cases 950 [overpayment of temporary disability credited against permanent disability]; *Hofer v. Workers' Comp. Appeals Bd.* (1996) 61 Cal.Comp.Cases 277 [overpayment of indemnity credited against future medical care].) Farmers requests that we follow *Safway*'s reasoning.

In *Safway*, the board awarded Alyce Helmick benefits for the wrongful death of her husband. Safway Steel Scaffold Co. was found guilty of serious and willful misconduct, which was not covered by the company's insurance. Helmick enforced the judgment against Safway and was awarded $654.78. Upon rehearing, the board revoked the finding of serious and willful misconduct. Safway filed a lien for the $654.78 against the remainder of the workers' compensation benefits awarded Helmick. The board permitted the lien, reasoning the monies paid were equivalent to living expenses for which a lien may be allowed pursuant to Labor Code section 4903, subdivision (c).[3] The *Safway* court reasoned that compensation paid to an injured worker under the mistaken belief the worker was entitled to such payments was the equivalent of furnishing the injured worker with living expense advances. By allowing a lien against unpaid compensation, the *Safway* court effectively allowed a credit against future compensation whatever the species. (*Safway Steel etc. Co. v. Ind. Acc. Com., supra,* 55 Cal.App.2d at pp. 388-389.)

*Safway* and the other decisions cited above, permitting restitution from any benefit due, did not involve workers convicted of fraud and restitution ordered pursuant to Insurance Code sections 1871.4 and 1871.5. Moreover, a lien claim for living expenses is vastly different from the criminal penalty of restitution: while the WCJ may reduce the lien pursuant to a settlement agreement, he has no power to modify or compromise a criminal restitution order absent a specific agreement to that effect. (*People v. Shelton* (1986) 188 Cal.App.3d 371, 373 [232 Cal.Rptr. 783].) Allowing Farmers a credit against Sanchez's lifetime pension would be tantamount to modification or compromise of the criminal restitution order. We therefore decline Farmers' request.

 ■■ Farmers also cites *Moreno Valley Unified School Dist. v. Workers' Comp. Appeals Bd.* (1996) 61 Cal.Comp.Cases 1214 (writ den.),[4] for the proposition that the board may not interfere with restitution ordered

---

[3]Labor Code section 4903 lists permitted lien claims. Subdivision (c) provides a lien may be filed for "[t]he reasonable value of the living expenses of an injured employee or of his or her dependents, subsequent to the injury."

[4]While they have no stare decisis effect, as to the holding of the board, writ denied opinions are citable as to the board's holding. (*Ralphs Grocery Co. v. Workers' Comp. Appeals Bd.* (1995) 38 Cal.App.4th 820, 827, fn. 7 [45 Cal.Rptr.2d 197]; *State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1995) 37 Cal.App.4th 675, 683, fn. 4 [43 Cal.Rptr.2d 660];

by the superior court. Farmers implies that the Board must see that Sanchez pays the restitution ordered.

In *Moreno Valley*, the parties had settled the injured worker's claim by a compromise and release agreement prior to a criminal conviction under section 1871.4. The superior court ordered the applicant to pay $100 total in restitution pursuant to section 1871.5. The Moreno Valley Unified School District sought to recover the $100 plus another $109,000 it claimed the worker's fraud had cost it. The school district requested an order from the board setting aside the settlement. The board held it could not interfere with the superior court's order of restitution and, moreover, that the school district had not met its burden of proof on the $109,000. The board commented that restitution was a remedy only obtainable in the criminal proceeding and the board's role was limited to questions regarding provision of benefits postconviction. (*Moreno Valley Unified School Dist. v. Workers' Comp. Appeals Bd.*, *supra*, 61 Cal.Comp.Cases at pp. 1215-1216.) Based on the foregoing, we are of the opinion that Farmers' remedy in this case lies in civil proceedings to enforce the judgment through wage garnishment and other means of collection available to judgment creditors.

 On a related note, Labor Code section 5803 allows the board to reopen a prior award more than five years after the date of injury upon a showing of good cause. Whether there is good cause depends on the circumstances of each case and is discretionary with the board, but the board's determination is not conclusive. (*Bartlett Hayward Co. v. Indus. Acc. Com.* (1928) 203 Cal. 522, 532-539 [265 P. 195].) Fraudulent misrepresentations have been held good cause to reopen. (*Brunski v. Industrial Acc. Com.* (1928) 203 Cal. 761, 764 [265 P. 918] [good cause was found on discovery of false statements to a physician and false testimony].) Moreover, Labor Code section 5803.5 provides that a conviction pursuant to Insurance Code section 1871.4 that materially affects the basis of any order, decision or award of the board is sufficient grounds for reconsideration of that order, decision or award.

We conclude, therefore, that the board has discretion to reopen an award normally barred by Labor Code section 5803 on the basis of a conviction pursuant to Insurance Code sections 1871.4 and 1871.5. In accordance with Insurance Code section 1871.5 and *Tensfeldt v. Workers' Comp. Appeals Bd.*, *supra*, 66 Cal.App.4th 116, the convicted worker is barred from receiving further compensation directly stemming from the fraud. Sanchez's

*Wings West Airlines v. Workers' Comp. Appeals Bd.* (1986) 187 Cal.App.3d 1047, 1053, fn. 4 [232 Cal.Rptr. 343].)

fraud pertained only to obtaining reimbursement for shoes never ordered. Since the employee is entitled to continue to receive the benefits which were not part of the fraud, then only reimbursement for further purchases of shoes should be barred, but other reasonably necessary medical treatment should continue. Similarly, a credit against other medical treatment is an impermissible bar of benefits not directly emanating from the fraud.

### DISPOSITION

We annul the board's decision and remand this matter for further consideration based on the opinion expressed herein.

Ortega, J., concurred. Vogel (Miriam A.), J., concurred in the judgment only.

Petitioner's petition for review by the Supreme Court was denied March 19, 2003. Kennard, J., Baxter, J., and Brown, J., were of the opinion that the petition should be granted.